Morgan agt. Andrut.

pulsion, at least, as to a part of the premises; and our difficulty, briefly stated in a NOTE to this case in 14 *How.* 116, was, why the same *entry*, whether actual or constructive, which produced what we call constructive eviction as to *part* of the premises, should not, with equal if not greater justice, be applied to the whole premises? In other words, why the injurious acts of the landlord, whether actual or constructive, which produces the tenant's *right to abandon*, and *in law* an eviction as to a *part* of the premises, may not apply to the whole premises?

We believe that, except the present case, there is no reported decision which raises this precise question. The court of appeals in this case, however, as appears from their published decisions, have not only considered the question beyond doubt, but so entirely clear, that the rule which gives the appellant the benefit of a *dissenting opinion* of the court below, as equivalent to a certificate of probable cause to save his *mulct* in damages on bringing the appeal, has not been allowed to have any effect, and *ten per cent.* on the amount of the recovery in the court below has been awarded the respondent. Some of the profession may (though we do not think the court entertained any such view), consider the damages awarded in the nature of a *penalty*, for presuming to go up on appeal from the judgment of a divided court.—[REP.

---

# NEW-YORK COMMON PLEAS.

## MORGAN agt. ANDRUT.

An action cannot be sustained against a *married woman* for damages for the breach of an agreement, in cutting off or disconnecting gas-pipes from apartments which she had rented to the plaintiff, and agreed that the plaintiff should have the use of, although it appeared that she was doing business in her own name as a *feme sole*, and that her husband had absconded.

If a contract be made with a married woman, the contracting party takes it subject to the legal disabilities, and must rely either upon her separate property, and the facts necessary to charge it, or the liability of the husband, founded upon his supposed assent.

*New-York General Term, July,* 1859.

APPEAL from a judgment rendered at special term.

By the court—BRADY, J. The defendant rented to the plaintiff the second floor of the premises 504 Broadway, and agreed that the plaintiff should have the use of the gas fixtures on that floor, for the purpose of burning gas to light the same. At the time the lease was made, and at the time the agreement

was made, assuming them to be independent of each other, the defendant was a married woman, but doing business in her own name as a *feme sole*, at 504 Broadway, aforesaid. The renting seems to have been the renewal of a hiring, which had ended on the 1st of May, 1857, and there is no testimony tending to prove that the agreement for the gas was subsequent to the hiring. The plaintiff so alleges, and it may, for the purposes of this appeal, be assumed to be true. In October following (1857), the defendant caused the gas-pipes connecting with the fixtures in plaintiff's apartments to be cut off or disconnected, and, for the damages occasioned thereby, that act being in violation of the agreement thereto relating, the plaintiff brought her action in the court below. It also appeared that the husband of the defendant had, in 1856, absconded, or run away, and had not returned at the time of the trial. The first question presented on these facts is, whether an action could be maintained against the defendant for the cause alleged. I think not. A married woman, at law, has no power to contract so as to bind herself generally. (*Jackson* agt. *Vanderheyden*, 17 *Johns. Rep.* 167; *Birdseye* agt. *Flint*, 3 *Barb. S. C. R.* 500; *Vanderheyden* agt. *Mallory*, 1 *Com.* 462); and courts of equity, in conformity with this principle, hold that her general personal engagements will not affect her separate property. (*Per* JEWETT, C. J., *in Vanderheyden* agt. *Mallory, supra*, 501.) The acts of 1848 and 1849, relative to married women, have not changed their disability to make contracts, or changed the rules of law in regard to them in that respect. (*Cobine* agt. *St. John*, 12 *How. Pr. R.* 333; *Coon* agt. *Brook*, 21 *Barb.* 546; *Yale* agt. *Dederer*, 21 *Barb.* 286; *Rouillier* agt. *Wernicki*, 3 *E. D. Smith*, 310.)

The fact that a married woman is doing business on her own account, does not alter the rule, although courts of equity might enforce any debt contracted for the benefit of her estate, which was intended to be a charge upon it. The husband would be liable for any debt contracted, or obligation incurred with his consent, express or implied (*Gates* agt. *Brower*, 5 *Selden*, 205), and would be responsible for her business en-

gagements made under such circumstances. In England, by a particular custom of the city of London, a married woman is enabled to carry on trade as a *feme sole* merchant. The trade must, however, be carried on within the city, and for the wife's sole account. If the husband meddle with it, he will not be protected by the custom. (*Bright on Husband and Wife*, 2 *vol.*, 76, 77.)

It seems also to be the rule in England, that when the husband is an alien enemy, the exception does not apply, nor where he is banished for life. The cases on this subject will be found in *Bright on Husband and Wife* (*supra*, 70, 72, 73). The case of *Begget* agt. *Fuer* (11 *East.* 301), is, however, in point. The action was trespass, and it appeared that the husband came to this country in 1805, leaving his wife destitute. That the plaintiff had lived separate from him since that time, and had made contracts, and for her support had carried on trade as a *feme sole*. The court held that she could not maintain the action. In this case the defendant is not charged with any debt contracted with reference to her business, or for the benefit of her estate. It is for damages occasioned by the violation of a contract granting the use of a thing attached to the freehold, and the claim does not present any of the elements necessary to obtain relief against the estate of the defendant, if the action had been brought for that purpose. I have not been able to find any case in this state where, under circumstances like those disclosed herein, a married woman has been held liable and sued alone, and I think the judgment of the justice cannot be sustained on precedent or authority. If a contract be made with a married woman, the contracting party takes it subject to her legal disabilities, and must rely either upon her separate estate and the facts necessary to charge it, or the liability of the husband, founded upon his supposed assent.

The judgment should be reversed.