## LANDIS *v.* TURNER.

In suit on an account for services rendered and materials furnished, in the course of his trade, and for articles furnished from his farm, by plaintiff, who was a blacksmith and farmer, he is a competent witness to prove to the Court his book of original entries, as preliminary to the introduction of the book in evidence. And having testified, that the book was kept by himself, that it was his book of original entries in which he kept his accounts, that the entries were made by him at the time they purport to have been made, that he kept no other books and had no Clerk, the book was sufficiently proved to be admitted in evidence.

And being admitted, its entries, accompanied with proof of the party's reputation, in the neighborhood, of keeping correct accounts, by persons who had dealt with him, were sufficient, *prima facie* evidence of the specific services rendered and their value, and of the specific materials furnished and their price, it not appearing that any higher evidence was attainable.

The fact, that the charges are first made on a slate, and then transferred to the book, does not affect the character of the book as one of original entries, the charges on the slate being mere memoranda, not intended to be permanent.

But the transfer must not be long delayed; otherwise, the book will be rejected, unless the delay be satisfactorily explained. A delay of three days is not unreasonable.

APPEAL from the Tenth District.

The facts sufficiently appear in the opinion of the Court.

*I. S. Belcher,* for Appellant, cited : *Decamp et al.* v. *Vandagrift,* 4 Black. 272 ; *West* v. *Poindexter,* Walk. 303 ; *Vosburgh* v. *Thayer,* 12 Johns. 461 ; *Linnel* v. *Southerland,* 20 Wend. 668 ; *Sickles* v. *Mather,* Id. 72 ; *Boyer* v. *Sweet,* 3 Scam. 120 ; *Martin* v. *Tuffe,* Dudley, 16.

*S. B. Mulford,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

The plaintiff is a blacksmith and a farmer, and the action is brought upon an account for services rendered and materials furnished in the course of his trade, and for articles furnished from his farm. The items of the account are not given, and the complaint only designates the services rendered, and the materials and articles furnished, in general terms. The answer admits the rendition of the services, and the furnishing of the materials and articles ; but denies, that they were of the value alleged in the complaint. On the trial before the referee, the book in which the plaintiff made the entries of his accounts was given in evidence for the purpose, it is presumed, of showing the specific services rendered, and materials and articles furnished, and of establishing their value. As a foundation for its introduction, the plaintiff offered himself as a witness, and testified, that the same was his book of original entries, in which he kept his accounts ; that the entries were made by him at the time they purported to have been made, and that he kept no other books. On cross-examination he further stated, that he had no Clerk, that he kept his own book, that the charges were made in the first instance on a slate, from which he was accustomed to transfer them to his book on the evening of the same day ; that sometimes he waited until the slate was full before making the transfer, but when an unusual time passed before it was filled, he did not wait ; that the transfer was generally made from one to three days, and was never delayed for a week. The plaintiff then proved, by persons who had dealt with him, that in his transactions with them his accounts were correct, and that he had the reputation in the neighborhood of keeping correct accounts.

The defendants objected to the examination of the plaintiff on the ground of his incompetency as a party to the suit, and to the introduction of the book of entries, on the ground that it was not sufficiently proved. Neither of these objections was well taken. The evidence of the plaintiff was upon an incidental and preliminary matter, and the rule which excludes the testimony of parties has no application. That rule has reference to the matters in issue, and not to incidental matters, auxiliary to the trial of the cause, upon which the testimony is addressed solely to the Court. (*Bagley* v. *Eaton*, 10 Cal. 146.) The book of entries constituted the evidence in the case bearing upon the issue; the testimony of the party only laid the foundation for the introduction of that evidence. The referee occupied the double character of Judge and jury, and the admissibility of the book was to be decided by him in the first instance in his character as Judge, and to enable him to determine the question the testimony was properly received. The credit and weight given to the entries were entirely distinct from the preliminary matter. There are, it is true, numerous decisions against the reception of the party's testimony in cases like the present, but the clear weight of authority is the other way. His testimony is taken in nearly every State of the Union. When this case was argued we supposed the rule was otherwise, recalling at the time the decisions of the New York Courts on the subject. A somewhat extended examination since has satisfied us, that the prevailing and the better rule in the United States differs from that of New York. The testimony of the party must often be the only means of establishing the fact that the book contains the original entries, that the party kept no other books, and that he had no Clerk, and as it is subject to the scrutiny of a cross-examination, it must afford protection against the perpetration of fraud by false entries.

The second ground of objection rests upon the absence of proof of the character of the book except that furnished by the party's own testimony. As that testimony was admissible, the objection falls. The fact that the charges were made in the first instance on the slate, and subsequently transferred, does not affect the character of the book as one of original entries. The charges on the slate were mere memoranda, not intended to be per-

manent. (*Faxon* v. *Hollis*, 12 Mass. 427.)   If the transfer had been long delayed, that circumstance, without satisfactory explanation, would have constituted a valid objection to the admission of the book; for it is the settled rule that entries to be received must be made at or near the time of the transaction to which they relate. (*Cogswell* v. *Dolliver*, 2 Mass. 221.)   What interval elapsed before the transfer of the particular charges against the defendant does not appear.   Assuming that it was three days, the longest period named by the plaintiff within which the transfers were generally made, the delay was not so great as to justify, in itself, the exclusion of the book on the ground that its entries were not original.   The book being admitted, its entries, accompanied with the proof of the party's reputation in the neighborhood of keeping correct accounts, were sufficient, *prima facie*, to charge the defendant for the services rendered and the materials furnished, it not appearing that any higher evidence was attainable on the subject.   It is assumed by us that the book was not liable to any other objections than those already noticed.   Such being the case, its entries became evidence to go to the jury of the specific services rendered and their value, and the specific materials furnished and their price.   The entries, it is true, were only presumptive evidence in the plaintiff's favor, but no attempt to rebut and overcome its effect was made by the defendant. (*Ducoign* v. *Schreppel*, 1 Yeates, 347; *Eastman* v. *Moulton*, 3 New Hamp. 157; *Cummings* v. *Nichols*, 13 Id. 421; *Little* v. *Wyatt*, 14 Id. 25; and the authorities cited in the note of Hare & Wallace to *Price* v. *The Earl of Torrington*, in Smith's Leading Cases.)

Judgment affirmed.