[No. 11282. In Bank. — December 6, 1886.]

WILLIAM ROCHE, RESPONDENT, v. MARY A. WARE, ADMINISTRATRIX, ETC., OF GEORGE W. WARE, DECEASED, APPELLANT.

EVIDENCE — ACCOUNT-BOOKS — PRELIMINARY PROOF OF CORRECTNESS — ACTION AGAINST EXECUTOR — PLAINTIFF AS WITNESS. — Section 1880 of the Code of Civil Procedure, prohibiting parties to an action against an executor or administrator upon a claim or demand against the estate of the deceased from being a witness as to any matter of fact occurring before the death of the deceased, does not prevent the plaintiff in such an action from testifying as to the correctness of books of account which had been wholly kept by him, preparatory to their introduction in evidence; and the introduction of such books in evidence, upon the testimony of a third person who had no personal knowledge as to their correctness, is error.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The action was brought against the administratrix of the estate of a deceased person to recover for work and labor performed and material furnished by the plaintiff to the deceased. The further facts are stated in the opinion of the court.

*Stabler & Bayne,* for Appellant.

The correctness of the books of account were not proved by any person who had personal knowledge of the fact, and consequently were inadmissible. (*Union Bank* v. *Knapp,* 3 Pick. 96; S. C., 15 Am. Dec. 196; *Merrill* v. *Ithaca etc. Co.,* 16 Wend. 586; S. C., 30 Am. Dec. 142; Code Civ. Proc., sec. 1845; 1 Greenl. Ev., sec. 118; *Landis* v. *Turner,* 14 Cal. 574.)

*T. J. Hart,* and *George A. Blanchard,* for Respondent.

The books of account were properly proved and admitted. (1 Greenl. Ev., sec. 117–119; *Morris* v. *Briggs,* 3 Cush. 343; Code Civ. Proc., secs. 1855, 1880, 1947; *Churchman* v. *Smith,* 6 Whart. 106.)

McKinstry, J.— Plaintiff's books of account were admitted in evidence over the objection of defendant that they were not sufficiently proved. The only evidence on which the books were admitted consisted of testimony of the wife of plaintiff, which tended to prove that the plaintiff had no clerk; that entries were made in original books by the plaintiff on the evening of each day purporting to be charges for work done and material furnished during the day; and that the accounts as entered in the blotter or day-book were correctly transferred to the ledger.

In the English courts, tradesmen's books were not formerly legal evidence in favor of the party making them. It would seem that the practice of allowing a party's books of account as evidence came into use in New York and New Jersey with the Dutch colonists, and into the eastern states with the English colonists from Holland who settled in New England. (5 Conn. 496; *Conklin* v. *Stamler*, 8 Abb. Pr. 395; introduction to 1 E. D. Smith's Reports.) It would seem, also, that by the Dutch law the cogency as evidence of the books might be strengthened by the testimony of the party.

Yet in *Vosburg* v. *Thayer*, 12 Johns. 461, it would appear to have been assumed that the party could not testify with respect to his own books. The Supreme Court of New York there held that books of account ought not to be admitted, "unless a foundation is first laid for their admission, by proving that the party had no clerk, that some of the articles charged have been delivered, that the books produced are the account-books of the party, and that he keeps just and honest accounts, and this by those who have dealt or settled with him." And the court added, "under these restrictions, from the necessity of the case, and the consideration that the party debited is shown to have reposed confidence by dealing with and being intrusted by the other party, they are evidence for the consideration of the jury." In subse-

quent New York cases it was held that a party's books of account were inadmissible unless he proved, not only that he kept just and honest accounts by those who had settled with him by his books, but also that the party charged had dealt with him, and that some of the articles charged were actually rendered or delivered. (*Morrill* v. *Whitehead*, 4 E. D. Smith, 239; S. C., 2 Hilt. 432; *Conklin* v. *Stamler*, 8 Abb. Pr. 395.)

The practice of all the other states, so far as we are informed, where books of account are admitted in evidence, is to *authorize*, at least, the preliminary proof to be made by the party himself. In a note to section 118 of the first volume of Greenleaf's Evidence it is said, — many cases being cited to sustain the statement: "The rules of the several states with regard to the admission of this evidence are not perfectly uniform; but in what is about to be stated, it is believed they concur. . . . . If the books appear to be free from fraudulent practices, . . . . the party himself is then required to make oath in open court that they are the books in which the accounts of his ordinary business transactions are usually kept, and that the goods therein charged were actually sold and delivered to, and the services actually performed for, the defendant." He should also swear that "the entries were made at or about the time of the transactions, and are original entries thereof."

It may be conceded that, if able to do so, the party may prove by other witnesses the matters which he is allowed to testify to himself. But if the party who kept the books, being in a position to give testimony, does not offer himself as a witness to those matters, he must at least prove by others those things which he would be required to prove by his own testimony.

It was said, generally, by Daly, C. J., and Brady, J., in the New York Common Pleas, that since the code provisions allowing parties to testify, the books of account of a party are no longer evidence on his behalf;

that the admissibility of such books, on certain prelim-
inary proofs, had been put on the ground of necessity,
arising from the former incompetency of a claimant to
be a witness on his own behalf, and that the reason of
the rule was destroyed by the legislation authorizing the
examination of the parties. (*Conklin* v. *Stamler*, 8 Abb.
Pr. 400.) But it would seem there to be admitted, not
only that the books might be referred to to refresh
the memory of the witness, but that the entries them-
selves might be evidence if the witness could testify that
the transaction was correctly recorded when the entry
was made, although he might not be able to recollect
the " fact."

In the case now here it is urged that the ruling of the
court below should be sustained on the ground of neces-
sity, because the plaintiff was prohibited from becoming
a witness by section 1880 of the Code of Civil Procedure.
It would by no means follow that the preliminary proof
would be sufficient if the plaintiff was prohibited from
making it by his own testimony. The section of the
code, however, did not forbid his being a witness for the
purpose of making such proof.

Section 1879 of the Code of Civil Procedure provides:
"All persons without exception, otherwise than as is spe-
cified in the next two sections, . . . . may be witnesses."
And by section 1880 it is declared: "The following per-
sons cannot be witnesses: . . . . 3. Parties to an action
. . . . against an executor or administrator upon a claim
or demand against the estate of a deceased person, as to
any matter of fact occurring before the death of such de-
ceased person."

The evident purpose of the provisions of the code is to
render competent (with certain exceptions) persons in-
competent at the common law; as parties to the record,
and those directly interested in the event of the action.
The parties, under certain circumstances, excepted from
the general rule established by the code, continue incom-

petent in the same manner and to the same extent that all parties were formerly incompetent. But before the code, the party offering his books, although incompetent to be a witness with respect to the issues submitted to the jury, was competent to give testimony, addressed to the court, going to establish the facts which rendered the books admissible. This was determined in *Landis* v. *Turner*, 14 Cal. 573. There Field, C. J., said:—

"The defendants objected to the examination of the plaintiff on the ground of his incompetency as a party to the suit, and to the introduction of the book of entries on the ground that it was not sufficiently proved. Neither of these objections was well taken. The evidence of the plaintiff was upon an incidental and preliminary matter, and the rule which excludes the testimony of parties has no application. That rule has reference to the matters in issue, and not to incidental matters auxiliary to the trial of the cause, upon which the testimony is addressed solely to the court. (*Bagley* v. *Eaton*, 10 Cal. 146.) The book of entries constituted the evidence in the case bearing upon the issue; the testimony of the party only laid the foundation for the introduction of that evidence. The referee occupied the double character of judge and jury, and the admissibility of the book was to be decided by him in the first instance in his character as judge, and to enable him to determine the question, the testimony was properly received. The credit and weight given to the entries were entirely distinct from the preliminary matter. There are, it is true, numerous decisions against the reception of the party's testimony in cases like the present, but the clear weight of authority is the other way. His testimony is taken in nearly every state of the Union. When this case was argued we supposed the rule was otherwise, recalling at the time the decisions of the New York courts on the subject. A somewhat extended examination since has satisfied us that the prevailing and the better rule in the United

States differs from that of New York. The testimony of the party must often be the only means of establishing the fact that the book contains the original entries, that the party kept no other books, and that he had no clerk, and as it is subject to the scrutiny of a cross-examination, it must afford protection against the perpetration of fraud by false entries."

The plaintiff was competent to make the preliminary proof. There is no pretense he was not within the jurisdiction; for aught that appears, he was present at the trial.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., THORNTON, J., MORRISON, C. J., and McKEE, J., concurred.

MYRICK, J., concurred in the judgment.