[No. 11207.   Department One. — May 5, 1888.]

THOMAS KERNS, RESPONDENT, *v.* E. I. McKEAN, APPELLANT.

76   87
77   557
77   558
76   87
124   242

EVIDENCE — BOOKS OF ACCOUNT — CONTRACT FOR SALE OF LAND — NON-PAYMENT OF PURCHASE PRICE. — In an action by a vendor to a contract for the sale of land to recover the possession thereof, on the ground that the vendee had not performed the conditions of the contract with respect to the payment of the purchase price, the books of account of the vendor, showing part payment of the purchase price on certain days, are not admissible to establish that no further payments had been made, when there is no evidence that the book was one of original entries, and when the person who kept the same, being present at the trial, does not testify that the entries were made at the date of the transactions they purport to record, or that the entries were correct of his knowledge when he made them.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. A. Barham,* and *Garber & Bishop,* for Appellant.

The account-books were inadmissible as evidence of transactions under a special contract. (*Lyman* v. *Bechtel,* 55 Iowa, 437; *Lanergan* v. *Whitehead,* 10 Watts, 249; *Nickle* v. *Baldwin,* 4 Watts & S. 290; *Pritchard* v. *McOwen,* 1 Nott & McC. 130; *Veiths* v. *Hagge,* 8 Iowa, 184; *Morse* v. *Potter,* 4 Gray, 292; 1 Greenl. Ev., secs. 117, 118; *Severance* v. *Lombardo,* 17 Cal. 58; *Watrous* v. *Cunningham,* 71 Cal. 32; *Roche* v. *Ware,* 71 Cal. 375; *Lawhorn* v. *Carter,* 11 Bush, 7.)

*Charles B. Younger,* for Respondent.

The admission of the account-book was not error. (*Sill* v. *Reese,* 47 Cal. 294; *Carroll* v. *Storck,* 57 Cal. 366; *Ross* v. *Brusie,* 70 Cal. 465.)

McKINSTRY, J. — This is an action for the recovery of the possession of a certain tract of land.

One Patterson, being the owner of the premises herein demanded, entered into a written contract with one Sanford, since deceased, for the sale to the latter of the land for the consideration of $3,336, with interest,— $500 by exchange of lands at the making of the agreement, and the balance to be paid in four equal annual installments. Sanford, the purchaser, was also to pay all taxes. And it was further agreed that if any default should be made in any payment of principal, or interest, or taxes, the whole principal and interest should become due at the election of Patterson, who, upon such default, was authorized to declare the agreement and rights of Sanford thereunder forfeited and ended by depositing a written notice of such forfeiture in the office of the county recorder, etc.

At the trial of the present action the plaintiff, grantee of Patterson, as evidence that Sanford had not complied with his agreement by paying the full sum of $3,336 and interest, introduced "the account-book of Patterson of the Corralitos rancho, wherein the accounts of Sanford and others with Patterson were kept by Patterson, and all the entries therein were made by and in the handwriting of one Hanna, who was Patterson's bookkeeper at the time." The objections of the defendant were overruled, and the plaintiff put in evidence the following entries from the book:—

La Motte.

A. P. Sanford,
          In account with Corralitos Rancho.
1867, Oct. 25.   To purchase of 240.60 acres.....  $3,336
        Oct. 25.   By exchange of land.............    500
1868, Dec. 19.   By cash on account..............    500
1871, May 20.   By cash on account..............    200

The non-payment of moneys to be paid by Sanford upon the contract of purchase was a fact of a nature to be proved by the usual evidence of it. The performance or non-performance of such a specific agreement is

not a fact within the reason of the rule, supposed to arise out of necessity, which permits—at least when the party is not competent as a witness—matter to be proved by books of account. (*Nickle* v. *Baldwin*, 4 Watts & S. 290; *Lyman* v. *Bechtel*, 55 Iowa, 437.) Books of account were admissible when the nature of the subject was such as not to render better evidence attainable. (1 Greenl. Ev., sec. 117.) A book kept in tabular form, by the defendant, of the days on which plaintiff worked, was held not admissible in evidence to show that the plaintiff did *not* work on certain days. (*Morse* v. *Potter*, 4 Gray, 292.) Under peculiar circumstances an entry in the books of a third person may be admissible as part of the *res gestæ*, when the third person is dead,—possibly sometimes when he is still living. But the evidence here offered was inadmissible under any rule.

Patterson had a clerk. The entries were made by Hanna, Patterson's book-keeper. And although, as shown by the statement on motion for new trial, Hanna was examined as a witness, it does not appear that he was questioned with respect to the entries; that he testified that they were made at the date of the transactions they purport to record, or that the entries he made were correct of his knowledge when he made them. Nor was it shown that the book was a book of original entries.

The offer of the book was an attempt to establish a negative, favorable to the cause of the plaintiff, by affirmative declarations of a third person, when it appeared such third person was within the jurisdiction and actually present at the trial. It was an attempt to establish that some money was not paid by what was claimed to be evidence that other money was paid. But the evidence offered to prove the fact, from which the inference of the other fact was to be drawn,—whether the mere offer would or would not estop the plaintiff,—was not such as was admissible against the

defendant.  For the error indicated, a new trial should have been granted below.

Judgment and order reversed, and cause remanded for a new trial.

SEARLS, C. J., and PATERSON, J., concurred.

Hearing in Bank denied.