[S. F. No. 2706. In Bank.—March 21, 1903.]

NELLIE STUART, Appellant, v. WALTER H. LORD, Respondent.

ACTION AGAINST ADMINISTRATOR—SERVICES TO DECEASED—NON-PAYMENT—BURDEN OF PROOF—FINDING OF PAYMENT NOT SUPPORTED.—In an action against an administrator for services rendered to the deceased, the burden of proof does not rest upon the plaintiff to show non-payment, but is upon the defendant to prove payment; and it is error

to find payment merely because plaintiff does not prove that the claim is not paid.

ID.—BILL OF EXCEPTIONS—SUFFICIENCY OF SPECIFICATION.—A specification in the bill of exceptions that "the decision is against law, in this, that the evidence in such action shows that plaintiff had been paid nothing on account of her work done and services rendered" to the defendant's intestate "by said plaintiff during the years 1897 and 1898," is a sufficient specification of insufficiency of the evidence to justify the finding of payment.

ID.—FIXED PRICE FOR PAYMENT—SUPPORT OF FINDING—ADMISSIONS OF PLAINTIFF.—A finding that the plaintiff rendered the services for a fixed price much less than the alleged value of the services is sufficiently sustained by proof of the admissions of the plaintiff to that effect.

ID.—INCOMPETENCY OF PLAINTIFF TO CONTRADICT ADMISSIONS.—The plaintiff being incompetent to testify against an administrator upon a claim or demand against the estate of a deceased person as to any fact occurring prior to the death of such person, is incompetent to contradict the evidence of a witness as to admissions made by her prior to such death.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Walter G. Bonta, for Appellant.

H. A. Powell, for Respondent.

SHAW, J.—The suit was brought to recover for services rendered to the defendant's intestate from January 26, 1897, to January 26, 1899, at which latter date the intestate died. It is alleged that the servicess were worth the sum of thirty-five dollars per month. The court found that the plaintiff rendered services to the intestate as housekeeper, cook, and general farm servant for the time alleged "at the fixed price of fifteen dollars per month, and the proceeds of the butter and eggs from the farm of the said" deceased, and upon the issue of payment the court found that her work and services mentioned in the complaint were wholly paid for.

The appellant claims that the finding as the price to be paid her is unsupported by the evidence, and that the finding of payment is against law and contrary to the evidence, be-

cause the evidence shows that she had been paid nothing, and further that the court erred in refusing to permit the plaintiff to testify in contradiction of a witness who had testified as to certain statements made to the witness by the plaintiff in the lifetime of the deceased.

. The only evidence to support the finding that the services were rendered at the agreed rate of fifteen dollars per month and the proceeds of the butter and eggs, is that of Mrs. Baun, who testified that in a conversation with the plaintiff in the month of November or December, 1898, the latter "said she was receiving for her services upon the Lord ranch, and as her wages, the sum of fifteen dollars per month, and the profits from the sale of butter and eggs, which were produced upon the ranch." In view of this evidence, it cannot be said that the finding is not supported by the evidence.

According to the finding of the court the plaintiff served for two years at the rate of fifteen dollars per month, making in the aggregate three hundred and sixty dollars due her. The only evidence of payment in the record consisted of four checks offered by the defendant, for the aggregate amount of one hundred and twenty dollars, drawn by the deceased in favor of the plaintiff, indorsed by her, and marked "paid" by the bank. One of these checks was made before the services began, and as to the other three there is nothing to show that they were given to her on account of her services, other than the fact that she received them after the services began. But, assuming that the court believed they were paid on account of the services, there would still remain a balance of two hundred and forty dollars due the plaintiff, with regard to which there is no evidence of payment whatever. There can be no doubt, therefore, that the finding of payment is not justified by the evidence. It can only be explained on the assumption that the court supposed that the burden of proof of non-payment was on the plaintiff, and made the finding because the plaintiff did not prove that the claim was not paid. The case of *Melone* v. *Ruffino*, 129 Cal. 514,[1] holding the contrary, was decided by this court about the time that this case was tried in the court below.

The respondent insists that the specifications in the state-

___

[1] 79 Am. St. Rep. 127.

ment are not such as to authorize a review of this finding. The specification is that, ''The decision is against law in this, that the evidence in such action shows that plaintiff had been paid nothing on account of her work done for and services rendered to said Edwin Lord by said plaintiff during the years 1897 and 1898.'' The notice of intention to move for a new trial assigned as grounds for the motion, both insufficiency of the evidence to justify the decision, and that the decision is against law. Upon the latter ground no specification is required. It was, therefore, unnecessary for the plaintiff to specify in what particular she claimed the decision was against law. But it is clear that the statement is sufficient as a specification of the insufficiency of the evidence to justify the decision. There can be no doubt that the language of the specification is amply sufficient to inform the defendant of the exact finding of fact which it is claimed the evidence did not justify. It plainly states that the claim of the plaintiff was that the evidence showed that plaintiff had received nothing for her work and services, and this was in strict accord with the theory of the plaintiff, which was that even the checks introduced in evidence were not given as payment of her wages, but were returned to him when cashed. There is nothing in the statute which requires a specification of the insufficiency of the evidence to be inserted in any particular place in the statement, nor under any particular subheading. The rule now followed by this court is thus stated: ''Whenever there is a reasonably successful effort to state 'the particulars,' and they are such as may have been sufficient to inform the opposing counsel and the court of the grounds, and the trial court has entertained and passed upon the motion . . . this court ought not to refuse to consider the case on appeal.'' (*American etc. Co.* v. *Packer,* 130 Cal. 461.) The objection that the specifications are insufficient is extremely technical, and the bill of exceptions clearly indicates that the respondent was not misled thereby. All the evidence of payment contained therein is found in the evidence given on behalf of the respondent.

On account of the erroneous finding of payment, the order denying a new trial must be reversed.

As the case must go back for a new trial, it is proper to con-

sider the question of the competency of the plaintiff to testify. The appellant claims that she was competent to testify that she did not make the admissions concerning an agreed rate of wages, as stated by the witness, Mrs. Baun. The court ruled that she was not competent. Section 1880 of the Code of Civil Procedure, subdivision 3, provides that "Parties . . . to an action . . . against an administrator upon a claim or demand against an estate of a deceased person," cannot be witnesses "as to any matter or fact occurring before the death of the deceased person." It is contended that she should have been allowed to testify, and in support of this claim the case of *Knight* v. *Russ*, 77 Cal. 413, is cited. In that case an attorney seeking to recover for his services against an estate, was allowed to testify as to the length of time he had been practicing, and what had been his income for the two or three preceding years. The court held that he was not incompetent for that purpose, saying that, "The evident purpose of this section was to prevent parties from testifying to matters tending to establish the asserted claim or demand, and not to prevent their testifying to other matters which may arise incidentally." This clause in the opinion is relied upon as decisive of the point in question. But the clause above quoted is immediately followed by the statement that, "The plaintiff's testimony was wholly as to incidental matters, and they were matters, too, which cannot be said to have occurred before the death of the deceased." The decision, therefore, cannot be considered as a well-founded precedent in favor of the plaintiff. But this case does not come within the rule stated in that case. It cannot be said that the testimony here offered would not tend to establish the plaintiff's claim or demand. An admission of the plaintiff, against her interest, and in contradiction of an important allegation of the complaint upon which issue was joined, namely, the value of her services, is clearly evidence tending to defeat a large part of the asserted claim, reducing it in this case from eight hundred and forty dollars to three hundred and sixty dollars. This evidence having been given it appears to be equally clear that the plaintiff's testimony to the effect that she did not make the admissions, would tend directly to establish so much of her claim as the other testimony tends to defeat. Such testi-

mony cannot be said to arise incidentally, any more than any
other evidence directly upon the issues. It certainly comes
within the very terms of the statutory provision. Neither
can it be said that the spirit or object of the statute justifies
such a departure from its letter. It is true that it may be a
hardship upon the plaintiff to be prevented by the law from
contradicting the testimony of third persons as to admissions
not made in the presence of deceased, but, on the other hand,
it can be said with equal force, that it is a hardship on the
estate that the deceased is prevented by death from denying
any admissions against his interest which witnesses for the
plaintiff may testify were made by him in his lifetime. The
manifest object and purpose of the statute is to put them on
an equal footing in respect of such evidence. And, besides,
there is nothing in the statute to indicate that its effect was
intended to be limited to things which occurred in the pres-
ence of the deceased. The language is: ''Any matter or fact
occurring before the death of the deceased,'' and this applies
as well to things occurring without his presence as to those in
which he may have participated. The case of *Knight* v. *Russ,*
77 Cal. 413, has been criticised in a subsequent decision, and
its effect ought not to be extended beyond the precise point
therein involved. (See *Moore* v. *Schofield,* 96 Cal. 486; *Blood*
v. *Fairbanks,* 50 Cal. 420.) The case of *Roche* v. *Ware,* 71
Cal. 375,[1] holds that a plaintiff in a suit on a claim against a
decedent's estate may testify as to the correctness of books of
account kept by him in the lifetime of the deceased. This is
also apparently an encroachment on the statutory rule. But
it is explained by reference to the fact, stated in the opinion
of the court, that even under the common-law rule, by which
any party interested was incompetent as a witness, a party
was allowed to testify to matters not embraced in the issues,
but incidentally arising during the course of the trial, and
which were in the nature of preliminary proof to lay the
foundation for other evidence, and addressed solely to the
court, such, for instance, as proof of the loss or destruction
of a document, to admit secondary evidence of its contents,
or the death of a subscribing witness to admit proof of his
handwriting. (*Bayley* v. *Eaton,* 10 Cal. 147; *Landis* v.

[1] 60 Am. Rep. 539.

*Turner,* 14 Cal. 573.) The decision was placed on the ground that the code provision was not intended to be more rigid with respect to the testimony of a plaintiff in a suit against the estate of a deceased person than was the common law with respect to parties in general. It should be observed, however, that *Roche* v. *Ware* may perhaps go too far in saying that a party may testify as to the correctness of books kept by him, and that his testimony should be limited, as in *Landis* v. *Turner,* to the fact that he kept books of original entries made at the time of the transactions, and to the identity of the books produced. But these cases furnish no authority for the admission of the testimony of a party to deny the making of admissions by him going to prove or disprove the facts in issue. Rather do they furnish an additional illustration of the reasons why such evidence should not be allowed. It follows that the trial court did not err in sustaining the objection to this testimony of the plaintiff.

For the reasons stated the judgment and order are reversed, and the cause remanded.

Angellotti, J., Van Dyke, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.