[Civ. No. 1648.   Second Appellate District.—June 3, 1915.]

JOHN R. COLBURN, Administrator of the Estate of John R. Colburn, Deceased, Respondent, v. F. B. PARRETT, Executor of the Estate of Rosa Page, Deceased, Appellant.

ESTATE OF DECEASED PERSON—REJECTION OF CLAIM—ACTION ON—STATUTE OF LIMITATIONS.—Where an amended claim against the estate of a deceased person was presented to the executor within due time after the first publication of notice to creditors, and at a time when the executor had not acted upon the claim theretofore presented, as required by law, the time within which the claimant's action upon the claim should be commenced being fixed by the date of the rejection of the claim, the action was not barred by the statute of limitations, where the complaint was filed within three months after the rejection.

ID.—EVIDENCE—WHEN CLAIMANT DISQUALIFIED AS WITNESS—SECTION 1880, CODE CIVIL PROCEDURE.—Under section 1880 of the Code of Civil Procedure, parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person, are not competent to testify to the claim or demand in an action upon it.

ID.—CONSTRUCTION OF SECTION 1880 CODE OF CIVIL PROCEDURE—PURPOSE OF.—The purpose of the rule stated in section 1880 of the Code of Civil Procedure is to prevent a plaintiff in an action to recover upon the claim against the estate of a deceased person, from giving testimony which would in itself tend to establish plaintiff's claim or demand.

ID.—BOOK ACCOUNT—INADMISSIBILITY OF CLAIMANT'S TESTIMONY AS TO CORRECTNESS OF.—The rule of said section is violated by permitting the claimant to testify (and in this instance to give the only testimony) to the effect that the entries in his book of accounts made by him at or about the time of the transactions upon which the claim is based and to which the entries related were true and correct; but he might be permitted to testify that he kept such book of accounts at the time stated and that the book produced was the one kept by him, and if his evidence were supplemented by evidence other than the claimant's testimony establishing the trustworthiness of the account book, it would then be receivable in evidence.

ID.—ACCOUNT BOOKS—VERIFICATION OF.—When books of account are offered in evidence to establish items of account, it is necessary to show by other evidence the correctness of the books.   This may be

shown by testimony of those who have dealt and settled with the party from his book of accounts, that he keeps fair and honest books of account; or the correctness of the entries may be shown by the testimony of any one who is able of his own knowledge to testify to their correctness.

ID.—CLAIM AS EVIDENCE—PURPOSE OF ADMISSION.—The admission in evidence of a claim against a decedent as presented to the executor, with its attached affidavit to the claim, is solely for the purpose of showing that plaintiff has presented his claim as required by law, and cannot be taken as supplying proof of rendition of the services upon which the claim is based or of their value.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Porter, Morgan & Parrot, for Appellant.

W. C. Shelton, for Respondent.

CONREY, P. J.—John R. Colburn, a physician, commenced this action against the executor of the last will and testament of Rosa Page, deceased, to recover a sum claimed as compensation for professional services rendered to the decedent. Judgment having been rendered against the defendant, he appeals therefrom and from an order denying his motion for a new trial. Pending appeal plaintiff died, and John R. Colburn, administrator, has been substituted as respondent herein.

It is claimed by appellant, that the action is barred by failure of the plaintiff to bring the same within three months after the rejection of the creditor's claim. The plaintiff presented his claim to the defendant on March 15, 1913, and presented an amended claim on June 10, 1913. The executor took no action upon the claim as first presented, but on March 26, 1913, one H. A. Decker, purporting to act for the attorneys for the executor, notified the claimant that his claim "for services in the sum of $301.00 is hereby rejected. The amount stated in the claim is too large. Your claim should be more particularly itemized." The amended claim having been presented as above stated, it was rejected by the executor on July 9, 1913. Plaintiff's complaint herein was filed on

September 4, 1913. The executor's first publication of notice to creditors was made on March 6, 1913. It thus appears that the amended claim was presented within due time after the first publication of notice to creditors, and at a time when the executor had not acted upon the claim theretofore presented, as required by law. (Code Civ. Proc., sec. 1496.) The time within which plaintiff's action must be commenced was fixed by the rejection of the claim; the complaint having been filed within three months thereafter, the action was not barred. (Code Civ. Proc., sec. 1498.)

At the trial the plaintiff was sworn as a witness and identified an account book which he said was used by him "in the course of his business and profession" and all the items therein were in his own handwriting. Against objections of the defendant, the witness was permitted to testify that the items contained in this account book were entered at or about the time the transactions took place and that these items were true and correct. Against like objections, the entries referred to, covering a series of items of service to defendant's testator, were admitted in evidence. Without the testimony mentioned above and the statement of account admitted therewith, the evidence would be insufficient to support the findings that the services were rendered as alleged and that the account is correct as to charges made. The admission in evidence of the claim as presented to the executor, with its attached affidavit by the claimant, was solely for the purpose of showing that plaintiff had presented his claim as required by law, and could not be taken as supplying proof of rendition of the services or of their value. The decision in *Knight* v. *Russ*, 77 Cal. 410, [19 Pac. 698], does not support respondent's contention that in an action to recover upon a rejected claim such sworn statement of claim can be used as evidence of the rendition or value of the services upon which the claim is based.

The objections to the testimony made as above stated were based upon the grounds that the questions were directed to matters occurring before the death of Mrs. Page and that the plaintiff was not competent to testify as to those matters in this action. "The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a

claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person.'' (Code Civ. Proc., sec. 1880.) As authority favoring the admission of plaintiff's testimony affirming the correctness of his book of account, the respondent relies upon *Roche* v. *Ware*, 71 Cal. 375, [60 Am. Rep. 539, 12 Pac. 284]. In that case the plaintiff did not testify or offer to testify, and the question concerning his right to be a witness for the purpose of making the preliminary proof of correctness of his books of account arose as an incident to a discussion of the sufficiency of the evidence that had been produced to sustain the plaintiff's case. The supreme court held that the plaintiff would have been a competent witness to make such preliminary proof, if he had offered himself for that purpose. That decision was criticised in the later case of *Stuart* v. *Lord*, 138 Cal. 672, [72 Pac. 142], as follows: ''It should be observed, however, that *Roche* v. *Ware* may perhaps go too far in saying that a party may testify as to the correctness of books kept by him, and that his testimony should be limited, as in *Landis* v. *Turner*, [14 Cal. 573], to the fact that he kept books of original entries made at the time of the transactions, and to the identity of the books produced.'' The purpose of the rule stated in section 1880 of the Code of Civil Procedure, is to prevent a plaintiff, in an action to recover upon a claim against the estate of a deceased person, from giving testimony which would in itself tend to establish plaintiff's claim or demand. We cannot escape the conclusion that this purpose would be disregarded and the rule of the statute would be violated if the plaintiff were permitted to testify (and in this instance to give the only testimony) to the effect that the entries made by him at or about the time of the transactions to which they related were true and correct. This is in substance the same as to allow him to testify that he rendered to the decedent the services mentioned and that they were of the value stated in the account. We are of the opinion that the court erred in overruling appellant's objections above stated to questions asked of plaintiff with respect to the truth and correctness of entries against decedent in his book of account. We agree, however, that he would have been entitled to testify that he kept such book of account at the time stated and that the book produced was the one kept by him; and if this had been supplemented

by evidence other than the testimony of plaintiff establishing
the trustworthiness of the account book, it then would have
been receivable in evidence. But upon the record as it now
appears the objection to the introduction in evidence of the
account book should have been sustained.

It is established by abundant authority that when books of
account are offered in evidence to establish items of account,
it is necessary to show by other evidence the correctness of
the books. This may be done by testimony of those who have
dealt and settled with the party from his books of account,
that he keeps fair and honest books of account; or, according
to the later decisions, the correctness of the entries may be
shown by the testimony of any one who is able of his own
knowledge to testify to their correctness. (See note in 138
Am. St. Rep. 448, 449, and cases there cited, including *Kerns*
v. *McKean,* 76 Cal. 87, [18 Pac. 122].) In *Kerns* v. *Mc-
Kean* the decision assumes, without discussing the point, that
the correctness of entries in books of account must be proved
by competent evidence of some kind.

The judgment and the order denying defendant's motion
for a new trial are reversed.


James, J., concurred.


SHAW, J., concurring.—The books of account of a plain-
tiff containing entries claimed to have been made by him
in the lifetime of a deceased person, against whose estate he
prosecutes a demand, are, by reason of subdivision 3 of sec-
tion 1880 of the Code of Civil Procedure, in my opinion, not
admissible in evidence. Clearly, such entries relate to mat-
ters and facts occurring before the death of such deceased
person, and if the claimant here may not testify to the making
of professional visits to the deceased and to charges therefor,
he should not by entering in his account book the making of
such visits, and thus, accompanied by evidence that he had
the reputation of keeping fair and honest accounts, be per-
mitted indirectly to testify to facts occurring before the death
of the deceased. As said by the supreme court of Tennessee
(*Montague* v. *Thomason,* 91 Tenn. 168, [18 S. W. 264]) : ''To
limit the disqualification to verbal transactions and statements
would do the greatest violence to both the letter and spirit of
the statute, and place estates of dead persons, which it was

27 Cal. App.—**35**

designed to protect, at the mercy of corrupt parties. Even doubtful language would be so construed as to avoid such a result.'' The contrary, however, appears to have been decided by the supreme court in *Roche* v. *Ware,* 71 Cal. 375, [60 Am. Rep. 539, 12 Pac. 284], and *Stuart* v. *Lord,* 138 Cal. 672, [72 Pac. 142], upon the authority of which I concur in the judgment.