[Civ. No. 2524. Second Appellate District, Division One.—November 24, 1919.]

C. W. TIEFEL, Respondent, v. MINNIE CHANT, as Administratrix, etc., Appellant.

[Civ. No. 2448. Second Appellate District, Division One.—November 24, 1919.]

DANIEL GATTWINKEL, Respondent, v. MINNIE CHANT, as Administratrix, etc., Appellant.

[1] ACTIONS FOR SERVICES RENDERED AND MONEYS ADVANCED—FINDINGS—JUDGMENT—EVIDENCE.—In these actions, one for the reasonable value of services rendered and for moneys advanced and the other for the reasonable value of services rendered, the evidence was sufficient to support the findings and judgments in favor of the plaintiffs.

APPEALS from judgments of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Ryckman for Appellant.

Edward G. Kuster, Guy E. Maurice and Rolland S. Haskell for Respondents.

CONREY, P. J.—These actions were tried together in the superior court. Separate judgments were entered, from each of which the defendant appeals. The cases have been briefed together. The transcripts were prepared in accordance with section 953a of the Code of Civil Procedure. The reporter's transcripts in the two cases are identical with each other, and there is a separate clerk's transcript for each case.

[1] We will first consider the Gattwinkel case. The complaint states a claim of indebtedness upon an account for services rendered and cash advanced to Louisa Stuckless, and alleges that the reasonable value of the services rendered was the sum of $1,902.89. A claim covering this demand was first presented to the administratrix of the estate of Louisa Stuckless and rejected.

44 Cal. App.—28

Appellant claims that the court erred in receiving in evidence an account-book kept by Gattwinkel, and that there was no other competent evidence introduced upon which the demand of the plaintiff can be sustained. Following the decision of this court in *Colburn* v. *Parrett*, 27 Cal. App. 541, [150 Pac. 786], the court permitted Gattwinkel to testify that he kept the memorandum book. This book contained items relating to plaintiff's demand, and also certain items of account between Gattwinkel and other persons. Some evidence was introduced wherein a witness testified to his acquaintance with the memorandum-book and with transactions between Gattwinkel and other persons mentioned in the memorandum-book, and that he found the memorandum to be correct as between Gattwinkel and the other persons. We do not deem it necessary to determine whether or not the court erred in admitting this book in evidence. The judgment in favor of Gattwinkel was for only the sum of $750, and there is evidence, exclusive of the memorandum-book, which we consider sufficient to support the judgment. A physician who attended Mrs. Stuckless during her illness testified to the services which he saw rendered by Gattwinkel, and that the value of such services was from fifteen to twenty dollars per week. There is testimony of certain other witnesses who saw these services being rendered by Gattwinkel, and it shows that he was rendering such services for a period of nearly two years. At fifteen dollars per week, this would be amply sufficient to support a judgment of $750. There was also evidence that certain sums of money were advanced by Gattwinkel for the benefit of Mrs. Stuckless, and that Mrs. Stuckless stated that she had no money and that she intended to provide repayment to Gattwinkel for services and for moneys advanced.

The claim of Mrs. Tiefel, as stated in her complaint and in her claim presented to the administratrix, is for the sum of $569.73; the judgment rendered in her favor is for the sum of $150 and costs. The claim of Mrs. Tiefel as presented is for treatment rendered by her as a nurse, charged for at the rate of two dollars per treatment for a certain period of time, and at the rate of fifteen dollars per month for a further period of time. That she rendered some such services is shown by the testimony of the physician to whom

we have referred, and by other testimony. The physician stated that in his opinion the value of such treatments was two dollars and fifty cents per treatment. We are satisfied that there is sufficient evidence to support the findings and judgment for the amount awarded by the court.

The judgments are affirmed.

Shaw, J., and James, J., concurred.

A petition to have the causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1920.

All the Justices concurred.