[Civ. No. 3045. First Appellate District, Division One.—April 5, 1920.]

## A. B. DYER, Respondent, v. ROZENE M. MINTURN, Executrix, etc., et al., Appellants.

[1] ACCOUNTS—RECIPROCAL DEMANDS—STATUTE OF LIMITATIONS.—An account showing on one side the different items furnished and amounts paid by one person for the joint benefit of himself and another, and on the other side the different items furnished and amounts paid by the latter for like purposes, a balance being shown in favor of the former, constitutes a mutual account; and an action thereon commenced within four years from the date of the last item thereof is not barred by the statute of limitations.

[2] ID.—ACTION AGAINST EXECUTOR—CORRECTNESS OF BOOKS AND CLAIM—EVIDENCE ADMISSIBLE.—In an action against an executor upon a mutual, open, and current account against the deceased, while the plaintiff is prohibited by subdivision 3 of section 1880 of the Code of Civil Procedure from testifying as to the correctness of his books, or that the entries therein made are true and correct, it is not error to permit him to testify that the account embodied in the rejected claim sued on corresponds with the account in his books.

[3] ID.—NONPAYMENT—PLEADING—PROOF.—While, in such an action, the plaintiff must plead nonpayment of the debt sued upon, such allegation need not be proved, but the burden of proof of pay-

---

1. What are mutual accounts, note, Ann. Cas. 1913D, 816; within the statute of limitations, note, 1 A. L. R. 1060.

ment is upon the defendant; therefore, prejudicial error is not committed in allowing the plaintiff to testify that the account has not been paid.

[4] ID.—BOOKS OF DECEASED—CORRESPONDENCE OF CLAIM WITH—EVIDENCE.—In an action against an executor upon a mutual, open, and current account against the deceased, it is not error, in violation of subdivision 3 of section 1880 of the Code of Civil Procedure, for plaintiff to call the executor as a witness and prove by him that the claim sued upon corresponds with the books kept by the deceased. Such evidence does not involve or relate to a "matter of fact occurring before the death of the deceased."

[5] ID.—ACTION ON — BALANCE DUE — NONPAYMENT — EVIDENCE.—In this action against an executrix and executor upon a mutual, open, and current account against the deceased, that there was a balance due plaintiff was proved by the introduction in evidence by the defendants of the books of the deceased, supplemented by the testimony of the defendants' witness that the account sued upon was "substantially the same" as the account shown by the books of the deceased. Proof of payment of the balance due was a matter resting upon the defendants.

[6] ID.—ACTION AGAINST EXECUTOR—FORM OF JUDGMENT.—In an action against the executors on a rejected claim against the estate of the deceased, a personal judgment against the defendants, without directing, as required by section 1504 of the Code of Civil Procedure, that the payment thereof be made by defendants in the due course of administration, is erroneous; but such error may be corrected by a modification of the judgment.

APPEAL from a judgment of the Superior Court of Fresno County. Geo. E. Church, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

K. Van Zante and L. L. Cory for Appellants.

Short & Sutherland for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal by defendants from a judgment rendered in plaintiff's favor for the sum of $892.01, in an action instituted by plaintiff against the representatives of the estate of James W. Minturn, deceased, for the purpose of establishing the validity of a rejected claim presented against said estate by plaintiff for a balance claimed to be due upon a mutual, open, and current account.

Minturn died on May 27, 1917. Defendants deny the indebtedness, aver payment, and plead the statute of limitations.

The question of the application of the statute of limitations depends upon the character of the account sued upon. If, as plaintiff avers, a "mutual, open, and current account" has been shown, the action is not barred by the statute, for the reason that suit was commenced within four years from the date of the last item of the account. (Subd. 2, secs. 337 and 344, Code Civ. Proc.) Appellants claim that no mutual, open, and current account has been shown. In this respect it is contended that the account sued upon lacks mutuality and reciprocal demands and is merely a statement showing payments advanced by plaintiff to third persons for and on behalf of plaintiff and said Minturn, for which suit should have been brought within two years from the date of the last item stated therein. (Subd. 1, sec. 339, Code Civ. Proc.)

[1] From the evidence it is made to appear that plaintiff and the deceased, Minturn, purchased jointly and paid for in installments certain residence property in Fresno, which they remodeled and afterward used as their home. Both plaintiff and deceased advanced money to pay for labor and materials in the renovation of the dwelling, and each kept a book of account in which entries of such payments were made. The account sued upon, which is set forth in the rejected claim, was taken by plaintiff from plaintiff's books. Upon its face it shows the various entries of debit and credit in separate columns. The debit column represents the payments made by plaintiff to persons who performed work and furnished materials in the improvement and repair of said residence, and covers a period from September 30, 1912, to January 4, 1914, and also represents the payments made by plaintiff on the land, and the interest on deferred payments, from October 7, 1914, to and including November 13, 1916. The credit column shows the payments made by Minturn to persons performing work and furnishing materials for said residence, and also the payments by him on the land, and the interest on deferred payments. Upon its face the account appears to have been balanced, and shows that plaintiff expended $10,866.51 more than Minturn, and that one-half thereof, to wit, $5,433.25,

was charged to Minturn, of which Minturn had paid $4,500, leaving a balance due in favor of plaintiff of $933.26. In other words, on the one side of the account are shown the different items furnished and amounts paid by plaintiff for the joint benefit of himself and Minturn, and on the other side are shown the different items furnished and amounts paid by Minturn for like purposes, and a balance is shown in favor of plaintiff. From the face of the account it appears that the items constitute mutual credits founded on an implied agreement for the setoff of mutual debts; that the parties dealt with each other in the same relation, and the items of the account are capable of being set off against each other. The credit items do not consist of money payments from one to the other, but are made up of demands of a reciprocal character, and the account was permitted to run with a view of ultimate adjustment by the settlement and the payment by one to the other of the balance. Such an account possesses all the elements necessary to constitute a "mutual" account, and it must be so held. (*Millet* v. *Bradbury,* 109 Cal. 170, [41 Pac. 865]; *Fraylor* v. *Sonora Min. Co.,* 17 Cal. 594; *Norton* v. *Larco,* 30 Cal. 126, [89 Am. Dec. 70]; *Flynn* v. *Seale,* 2 Cal. App. 665, [84 Pac. 263].) Suit was commenced on the account within four years from the date of the last item thereof, and therefore plaintiff's action was not barred by the statute.

[2] Appellants' second point is that the court erred in admitting evidence in violation of the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure, which provides that parties or assignors of parties to an action or proceeding, the persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim or demand against an estate of a deceased person, cannot testify as to any matter or fact occurring before the death of such deceased person. The instance first complained of is where plaintiff, having been called as a witness in his own behalf, was handed the rejected claim, which had been admitted in evidence without objection, and testified that with the exception of one item thereof, amounting to $41.25, the rejected claim was a correct statement of the account as shown by his books. It is claimed by appellants that this testimony was admitted contrary to the rule stated in *Colburn* v. *Parrett,* 27 Cal. App.

541, [150 Pac. 786], and the authorities therein cited, which hold that while a plaintiff himself may by his own testimony establish the fact that he kept books of account at a stated time, and that the books produced were the ones kept by him, he may not testify as to the correctness of said books, nor that the entries therein made are true and correct, for the reason that the giving of such testimony by a plaintiff would, in effect, be allowing the plaintiff to testify that he rendered to the deceased the services, or furnished the materials, or delivered the goods, etc., as the case may be, which the entries represent. But the testimony of plaintiff in the instant case did not extend that far. Plaintiff did not testify as to the correctness of his books of account, nor to the correctness of the account embodied in the rejected claim. He merely testified that the account embodied in the rejected claim was correct *as shown by his books of account.* In other words, he testified in effect that the account embodied in the rejected claim was a correct reproduction of the account shown by his books; that it did not vary or differ from the account shown by his books. That the trial court so understood the testimony and was guarding carefully against a violation of the provisions of said section 1880 is clearly shown by the court's ruling, made immediately following the admission of this evidence, wherein the court ordered stricken out the affirmative answer given by plaintiff in response to a question asked by plaintiff's counsel, to wit: "And is a true account of your dealings with Mr. Minturn?" and by the court's effort to clarify the record by asking the question: "The question was simply whether your books show that [claim] to be correct, and you have stated in regard to one item that you waive that. Now otherwise your answer would be that the books do show it?" To which the plaintiff replied, "Yes, sir." It may be conceded that if plaintiff had been allowed to testify that his books or the account as set forth in the rejected claim were correct it probably would have constituted error. Such testimony was held to be admissible in *Roche* v. *Ware,* 71 Cal. 375, [60 Am. Rep. 539, 12 Pac. 284]; but that case was criticised in the later cases of *Colburn* v. *Parrett, supra,* and *Stuart* v. *Lord,* 138 Cal. 672, [72 Pac. 142]. The cases last cited both hold, however, that the plaintiff may testify that he kept such books of account,

and that the books produced were his books. Plaintiff's testimony in the instant case did not go even that far. He merely testified in effect that the account embodied in the rejected claim corresponded with the account in his books. It may be, as stated by the learned trial court in passing upon defendants' objection to the testimony, that such testimony might have been excluded upon the ground that the books were the best evidence. But defendant declined to urge that objection. The testimony, therefore, was properly admitted, and the court's ruling was free from error.

[3] Appellants next claim that said section 1880 was violated in allowing plaintiff to testify that the account had not been paid. There was no error committed. By seeking to establish nonpayment plaintiff was endeavoring to prove something that the law did not require him to prove. In *Melone* v. *Ruffino,* 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93], it is held that the allegation of nonpayment of a debt sued upon, though necessary to make the complaint perfect, need not be proved; but the burden of proof of payment is upon the defendant. Such is the established rule in this state. (*Barrett-Hicks Co.* v. *Glas,* 14 Cal. App. 289, 300, [111 Pac. 760]; *Miller & Lux* v. *Dunlap,* 28 Cal. App. 313, [152 Pac. 309]; *Stuart* v. *Lord, supra.*) [4] Neither was it error for plaintiff to call as witness Ward Minturn, one of the executors defendant, to prove by him that the claim sued upon corresponded with the books kept by deceased. Such evidence did not involve or relate to a "matter of fact occuring before the death of the deceased," and the point becomes entirely lacking in force in view of the fact that defendants afterward, as a part of their own case, called the same witness and proved by him that the account sued upon and the books of the deceased were "substantially the same." Thereupon defendants offered the books of the deceased in evidence.

There is no merit in the point that the evidence is insufficient to support the findings. There were but three disputed issues: The character of the account sued upon, the payment of the balance due, and the statute of limitations. The first and third issues have been discussed and disposed of. [5] That there was a balance due plaintiff was proved by the introduction in evidence by defendant of the books of

the deceased, supplemented by the testimony of defendants' witness, Ward Minturn, that the account sued upon was "substantially the same" as the account shown by the books of the deceased. It is true that the contents of those books were not read into the record or copied into the transcript on appeal, but all intendments are in favor of the judgment of the lower court, and if, as testified to by the defendant Ward Minturn, the books of deceased and the account sued upon "were substantially the same," those books must have shown a similar balance due. The proof of payment of the balance due was, as we have seen, a matter resting upon the defendants, and they offered no proof on that point. In *Cowdery* v. *McChesney,* 124 Cal. 363, [57 Pac. 221], it was held that books of account kept by a deceased person if not containing proof of payment of plaintiff's claim may be looked to for evidence of the negative fact of nonpayment by deceased during his lifetime; and the foundation for the introduction of said books may be made even by plaintiff if the books were kept by him.

[6] Appellants' final point is that the judgment is erroneous because it is a personal judgment against the defendants, without directing, as required by section 1504 of the Code of Civil Procedure, that the payment thereof be made by defendants in the due course of administration. Respondent concedes this point. The error may be corrected by a modification of the judgment. (*Drake* v. *Foster,* 52 Cal. 225; *Vance* v. *Smith,* 124 Cal. 219, [56 Pac. 1031]; *Brinkley-Douglas Fruit Co.* v. *Silman,* 33 Cal. App. 643, [166 Pac. 371].)

The judgment is therefore modified by adding thereto the words, "And it is further ordered, adjudged and decreed that said executrix and executor of said last will and testament pay in due course of administration the amount of this judgment," and as thus modified the judgment will stand affirmed. Respondent will recover his costs.

Waste, P. J., and Richards, J., concurred.