[No. 11517. Department Two. — September 21, 1886.]

## BEN WATROUS, APPELLANT, v. THOMAS CUNNING-HAM ET AL., RESPONDENTS.

EVIDENCE OF CONVERSATION — ENTIRE CONVERSATION ADMISSIBLE ON CROSS-EXAMINATION. — Where a witnes on his examination in chief testifies to part of a conversation had by him at a certain time and place, the entire conversation is admissible in evidence on cross-examination.

ID. — IMPEACHMENT OF WITNESS — OBJECTION TO EVIDENCE MUST BE MADE AT TRIAL. — An objection that certain evidence offered for the purpose of impeaching a witness is inadmissible for such a purpose must be made at the trial; otherwise the objection cannot be considered on appeal.

ID. — ACCOUNT-BOOK — FOUNDATION FOR ADMISSION MUST BE LAID. — An account-book is not admissible in evidence, when the preliminary foundation for its admission, either as a book of original entries or as part of the res gestœ, has not been laid.

CLAIM AND DELIVERY — ATTACHING OFFICER — EVIDENCE TO SUPPORT PLEA OF JUSTIFICATION — RECORD IN ATTACHMENT SUIT. — In an action of claim and delivery for certain personal property against an attaching officer, the judgment roll in the case in which the attachment was issued is admissible in evidence in support of the defendant's plea of a justifiable taking, notwithstanding the plaintiff was not a party to the attachment suit.

ID. — SALE — EVIDENCE TO IDENTIFY PURCHASER — CONVERSATION AT TIME OF SALE. — Where an issue is raised as to the identity of the purchaser of certain property at a given sale, a conversation that took place while the sale was being made, between the seller and other persons present, is admissible.

ID. — TESTIMONY OF WITNESS AT FORMER TRIAL — SHORT-HAND NOTES — WITNESS MAY REFRESH MEMORY FROM. — A short-hand reporter who is called to testify as to what a witness on a former trial had then sworn to may refresh his memory by reading the short-hand notes of the testimony of the witness taken by him on the trial.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The action was for the claim and delivery of certain hogs, which had been attached by one of the defendants, a sheriff, as the property of one Ho. Yuck, in an action wherein J. D. McDougald was plaintiff, and Ho Yuck was defendant. The hogs in question had originally belonged to McDougald, but had been sold, as claimed by

him, to Ho Yuck. The plaintiff, on the contrary, claimed that the sale had been made to him. On the special issue submitted to them as to whom the sale had been made, the jury found in favor of the defendants. The further facts are stated in the opinion.

*James A. Louttit, S. D. Woods,* and *A. L. Levinsky,* for Appellant.

*J. C. Campbell,* and *P. W. Bennett,* for Respondents.

FOOTE, C.—This was an action of claim and delivery for certain hogs.

The cause was tried by a jury, and a verdict and judgment were had in favor of the defendant. From that judgment, and an order denying a new trial, the plaintiff has appealed.

The question asked the plaintiff when a witness upon the stand, "What did you say in the office of Campbell and Muenter at that time?" was objected to by counsel, the objection overruled, and he assigns that for error.

This witness in his examination in chief said: "As soon as I found that the hogs were attached, I went to Mr. Campbell's office to explain to them that the hogs were mine, and not to have any trouble about them, and that they had made a mistake." Upon his cross-examination he stated without objection: "I remember being in Mr. Campbell's office after the hogs were attached by Mr. McDougald. I did n't state then in that office, in the presence of Mr. J. C. Campbell, W. D. Campbell, McDougald, and Judge A. V. Scanlan, that I had furnished the money for the Chinaman to buy the hogs, and that he was to give me one fourth of the increase," etc.

When a witness has related anything which he said at a certain time and place, and under a given state of facts, it is competent to have him state *all* that he uttered on such occasion.

It is evident that the witness had made a statement at the time he was present in the office of. Campbell and Muenter, and unless he had been made to relate all that he then said, it would have appeared to the jury that he went there in good faith, and claimed the property as his own, and that it had been attached by mistake; that he had never made any other statement, and that such was *all* that he spoke upon that occasion.

Had the court not allowed that question to be put and answered, the defendant would have been deprived of his right to have the jury hear *all* that had been said upon a certain occasion, and would have permitted him to be bound by a part only of such statement or conversation. And the witness being a party to the suit, we think the question was a proper one, and that the court did not abuse its discretion in allowing it. (*Neal* v. *Neal*, 58 Cal. 287; *Jackson* v. *F. R. Water Co.*, 14 Cal. 18; *Thornton* v. *Hook*, 36 Cal. 228; *Harper* v. *Lamping*, 33 Cal. 647.)

And if the question was not allowable upon the ground last mentioned, it was admissible for the reason that the counsel putting it, when it was objected to as improper, on cross-examination, stated that he claimed the right to ask it for the purpose of impeaching the witness, and no objection was then urged against that view of the matter. Hence any objection for that cause cannot now be urged here for the first time. (*Stoddard* v. *Treadwell*, 29 Cal. 281.)

It does not sufficiently appear from the record that the account-book of the plaintiff offered in evidence was a book of original entries in which the party offering it kept his accounts in the regular course of his business, or that the entries therein were made by him at the times they purport to have been so made, and contemporaneous with the transactions which they chronicled. Nor did it appear that no other books of account were kept by him, and that he had no clerk or book-keeper, or

that he kept fair and honest accounts. Neither does it appear that the plaintiff was present and made any entry in that account-book at the time the alleged sale of the hogs took place the title to which is in dispute. Therefore the account-book was properly held not to be admissible in evidence, as the necessary preliminary foundation for such admission, either as a book of original entries or as part of the *res gestæ*, had not been laid.

The judgment roll in the case of *McDougald* v. *Ho Yuck* was admissible in evidence, because Cunningham, the officer who was sued in this action, had set up by way of defense in his answer the fact that he held possession of the hogs in dispute by virtue of a writ of attachment, etc., issued in that action, and those allegations must be taken as denied by the plaintiff. Therefore, in support of the issue thus made, such proof was proper, even although the plaintiff may not have been a party to that suit, as it was not pretended that it settled any question of ownership of the hogs as against him, but was simply in support of the officer's plea of a justifiable taking into his possession of said property.

Had this evidence been introduced and admitted for the purpose of proving title to the hogs as conclusive against the plaintiff, the objection he makes would have been good.

The conversation that took place between the seller of the hogs and the Chinaman and McDougald, when the sale was being made, was competent as tending to show *to whom* the hogs were actually sold, and did not prejudice the plaintiff in any of his rights, as it is not claimed that he had anything to do with that transaction, and the identity of that Chinaman with Ho Yuck was afterward shown by the witness McDougald.

It is also assigned for error that the court "allowed the witness Hood to read the testimony of W. D. Campbell from the short-hand notes of W. D. Campbell's testimony taken in the former trial of this cause."

Hood had previously testified that he was the official reporter at that trial, and had heard the witness Campbell testify, and had made the short-hand notes in question, and that if permitted to refresh his memory by reading them, he could then, from his *recollection* of Campbell's former evidence, state what he had then sworn to. This the court permitted to be done, allowing Hood to read the testimony of Campbell by question and answer. That was not allowing the testimony of Campbell in short-hand to be read as a *deposition*, but was permitting Hood, who could recollect the testimony given on a former trial of the same cause, to state from such recollection, refreshed by the reading of his short-hand notes, what Campbell (who at the time of the present trial was without the jurisdiction of the court) had formerly sworn to in the reporter's hearing. And such action of the court was proper.

We perceive no error in the record, and the judgment and order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.