[Civ. No. 4198.    First Appellate District, Division One.—June 30, 1922.]

## J. F. GARRETTE et al., Appellants, v. GRANGERS BUSINESS ASSOCIATION (a Corporation), Respondent.

[1] WAREHOUSEMAN—DESTRUCTION OF WHEAT—ACTION FOR DAMAGES —ABSENCE OF NEGLIGENCE—BURDEN OF PROOF.—In an action for damages for the destruction of the plaintiffs' wheat while it was admittedly in the defendant's possession as a warehouseman, the burden is on the defendant to prove that, as a warehouseman, it exercised such care in safeguarding plaintiffs' property as a reasonable and careful owner of similar goods would exercise.

[2] ID.—ORDINARY DILIGENCE—EVIDENCE—FINDING.—In actions involving the negligence of a warehouseman the usual rule that what constitutes ordinary diligence or care in a given case is always a fact to be determined by the jury, in view of surrounding circumstances, where there is substantial evidence upon which to submit such an issue; and it is only in the absence of such evidence that it becomes a question of law to be determined by the court.

[3] ID. — ISSUES — BURDEN OF PROOF — PRIMA FACIE CASE — INSTRUCTIONS.—In this action for damages for the destruction of plaintiffs' wheat while in defendant's warehouse, it having been necessary for plaintiffs to offer proof as to two disputed issues before a *prima facie* case was established, the court did not commit error in giving a general instruction to the effect that the burden of proof was on the plaintiffs; but conceding that all essential elements of plaintiffs' case were covered by stipulation and that said instruction, therefore, was not applicable, the error could not have misled the jury, the court immediately following that instruction having advised the jury that the plaintiffs had established a *prima facie* case if they had established that they delivered the wheat to the defendant and the defendant had failed to return it, and that the burden was then upon the defendant to establish by a preponderance of the evidence that the loss of the wheat occurred without any negligence on its part.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Cabaniss, Judge.   Affirmed.

1. Presumption and burden of proof as to care or negligence in respect to subject of bailment, notes, 1 Ann. Cas. 23; 21 Ann. Cas. 842; 43 L. R. A. (N. S.) 1168.

The facts are stated in the opinion of the court.

Mastick & Partridge and Brooks Cox for Appellants.

Chickering & Gregory for Respondent.

KNIGHT, J., *pro tem.*—The defendant, Grangers Business Association, a corporation, was the owner of and operated a warehouse on the shores of the Carquinez Straits, at Port Costa, California. On September 15, 1919, plaintiffs deposited in said warehouse for indefinite storage a quantity of wheat. During the evening of that day a section of the wharf or dock upon which the warehouse was built collapsed, precipitating part of plaintiffs' wheat into the water. Plaintiffs have sued defendant on its contract as a public warehouseman for the value of the lost wheat. The action was tried by the court sitting with a jury, the issue of fact being whether or not defendant was negligent as a warehouseman, in the care of said wheat. The verdict was for the defendant, and from the judgment entered on said verdict plaintiffs have appealed.

Two grounds are urged for a reversal of the judgment, namely, insufficiency of the evidence to support the verdict and erroneous instructions given to the jury on the question of burden of proof.

The wharf or dock upon which said warehouse rested was constructed of wooden piling and, from what may be gleaned from the testimony in the record, extended for a distance of 1,000 feet along the shore line and was 180 feet wide, the side of which projected for some distance over the water so as to give access to vessels loading and unloading grain. The cause of the accident was due to teredo boring into the piling and so weakening it that this particular section collapsed.

The claim of insufficiency of the evidence to support the verdict is based upon the assertion, first, that the evidence shows that the defendant unnecessarily placed the wheat in the most dangerous part of the warehouse, and, secondly, that the evidence shows that no adequate inspection was made for teredo after it was known that the warehouse supports were infected.

We are of the opinion that neither of these points are available to appellants on appeal for the reason that they relate to the precise questions of fact which were submitted to and passed upon by the jury. The main issue before the jury was the one of the negligence of the defendant. On that issue there was a conflict of proof, and the verdict of the jury in favor of the defendant was equivalent to a finding that the defendant, as a warehouseman, exercised due care in the storage of said wheat and was free from negligence. [1] The wheat was admittedly destroyed while it was in defendant's possession as a warehouseman, and it, therefore, became necessary for defendant to prove that, as a warehouseman, it had exercised such care in safeguarding plaintiffs' property as a reasonable and careful owner of similar goods would exercise. This it sought to do by offering proof as to the precautions it had taken. The evidence shows that for several years previous to the accident it had maintained quite an extensive system of inspection; that every year it employed competent and experienced engineers to inspect the wharf and make necessary repairs; that for five years it had continuously employed a man to inspect the piling, and that he spent about one-half of his time underneath the wharf; that the teredo was a new enemy to the wharves in that vicinity; that they had never before been seen or known to exist in those parts until within a few weeks prior to the accident; that the wharf in question, and others in that locality, were built in fresh water, in which the teredo does not live, but that the drought in 1919 lowered the fresh water in the rivers so that the salt water from the bay extended farther inland and carried the teredo with it; that in the middle of August, 1919, it was discovered by defendant that the teredo was attacking the piles, but that they were not present in dangerous numbers and were attacking only the piles in the deepest water, which was some distance from the point where plaintiffs' grain was placed. The evidence further shows that as soon as it was discovered that the piles in the deep water were being infected defendant gave instructions to its engineers to use the necessary means to protect the wharf and make it safe. The owners of other wharves in that locality took the same precautions, but, nevertheless, several other wharves collapsed following the

accident to defendant's, all of which tended to show that the sudden attack of teredo was something that could not have been reasonably anticipated under the circumstances.

Appellants contended, before the jury, as here, that certain means of inspection other than and in addition to those adopted by defendant should have been, but were not, employed by defendant in the inspection of said piles, and evidence was offered by plaintiffs to that effect. But the jury, to whom such evidence was properly addressed, decided, in rendering its verdict in defendant's favor, that defendant was not negligent in failing to employ such additional means of inspection, and that to have required defendant to have done so would have been to exact of defendant a higher and greater degree of care than the law demanded under the circumstances.

[2] In actions involving the negligence of a warehouseman the usual rule applies that the facts necessary to constitute ordinary diligence or care in a given case is always a matter to be determined by the jury, in view of surrounding circumstances, where there is substantial evidence upon which to submit such an issue. It is only in the absence of such evidence that it becomes a question of law to be determined by the court. (27 Ruling Case Law, p. 1004.)

In *Runkle* v. *Southern Pac. Milling Co.,* 184 Cal. 715 [16 A. L. R. 275, 195 Pac. 398], it was said by the supreme court, in effect, that it was idle to discuss, upon appeal to that court, the weight of evidence upon which the judgment rested and that it was only when the facts of a given case are not in any event or in any view of the case susceptible to the inference deduced therefrom that the question of negligence becomes one for the sole consideration of the court rather than one of fact for the determination of the jury.

Under the rules, and for the reasons above stated, we are not at liberty, we think, to interfere with the finding of the jury.

[3] The first instruction given to the jury, following certain preliminary remarks by the court, was the following: "In all civil cases, what the law calls the burden of proof is upon the plaintiff. In other words, in all cases, in order to entitle himself to a verdict, the plaintiff must establish his case by a preponderance of the evidence.

Putting that as correctly as I can . . . you will proceed to consider this matter, and you will ask yourselves whether the plaintiff has established his case by a preponderance of the evidence, and if you believe him to have done so, the verdict will be in his or its favor. If, after a full consideration, you find it equally balanced, as it were—no preponderance one way or the other, just as persuasive in behalf of the plaintiff as in behalf of the defendant, it would in that case be your duty to return a verdict in favor of defendant; as, of course, even more would it be your duty to do so if, after a full consideration of all the evidence heard here, you find that it preponderates in favor of defendant . . . ''

Later, the court gave the following instruction: ''You are instructed that the plaintiffs have established a *prima facie* case if they have established that they delivered the wheat to the defendant and that the defendant failed to return it. The burden is then upon the defendant to establish by a preponderance of the evidence that the loss of the wheat occurred without any negligence on the part of said defendant.''

And still later, and in conclusion, the court instructed the jury as follows: '' . . . You will retire, and bear in mind the instructions just given you, keeping in mind more especially and particularly—not that any one instruction is to be more regarded than any other—but keeping in mind more particularly, however, all that I have said to you and all that you have heard counsel say bearing upon the question here, as to whether, prior to receiving the wheat which admittedly was destroyed by the giving way of the wharf, the defendant used reasonable care and caution in protecting it against destruction. If he did, as already stated, the verdict in this case ought to be in favor of him, the defendant. If, on the other hand, you find, from a preponderance of the evidence heard in this case, that the defendant did not exercise so high a degree of care in the protection of the grain, and that its destruction was due to failure upon its part so to do, your verdict will be in favor of the plaintiff. You are to consider, as bearing upon this question of reasonable care, or lack of it, all the evidence heard here. . . . ''

Appellants now contend that the court erred in giving the first instruction to the jury relating to the burden of proof, for the reason, as appellants claim, that all of the essential elements necessary for plaintiffs to prove in order to establish a *prima facie* case were stipulated to and admitted by the defendant, and consequently left no existing issue to which such an instruction might have been directed. Appellants argue that although later the jury was correctly instructed as to the burden of proof on the issue of defendant's negligence, still, at the end of the charge the court gave another instruction which had the effect of nullifying the correct one. In support of their contention appellants cite the cases of *Howard* v. *Worthington*, 50 Cal. App. 556 [195 Pac. 709], and *Noce* v. *United Railroads*, 53 Cal. App. 512 [200 Pac. 819].

After examining these instructions as a whole and considering all of them in the light of the evidence, we are of the opinion that whatever conflict there may have been, if any, was not of such a serious character as to mislead the jury, and consequently does not require a reversal of the judgment.

It cannot be denied but that the first instruction given, if applicable, correctly stated the law, and it must be also conceded that its application was proper in this case if there was any material issue at all left open to proof by plaintiffs which was not covered by the stipulation of the defendant. In this respect it appears from the record that counsel for plaintiffs deemed it necessary for plaintiffs to prove the nature of the contract pursuant to which the delivery of the wheat was made, for the reason that defendant, while admitting the fact of delivery and value of the grain, had taken the position that the warehouse receipt constituted the contract by which the liability of defendant was fixed, and that, since there had been no receipt delivered for the grain which was lost, there was no contract between the parties. For the purpose of proving such contract, plaintiffs offered as a witness the president of the defendant company and examined him concerning the nature and character of the receipts usually issued by the defendant company, and some of those receipts were thereupon offered and received in evidence and read to the jury over the objection of the defendant. Next

called as a witness was one of the plaintiffs, by whom it was sought to identify certain weighmaster's certificates which it was claimed covered the deliveries of part of the wheat in question. While this latter evidence was being given the following proceedings occurred:

"Mr. Partridge (Interrupting): I don't want any misunderstanding about it.

"The Court: I don't think there is any. We can clarify it right now. You will admit, and practically have already admitted I believe, that some of these receipts refer to some of the wheat which was not destroyed, which was on the wharf at the time certain other delivered wheat—

"Mr. Williams (Interrupting): I don't know whether it was on the wharf, if your Honor please.

"Mr. Partridge: I will prove it.

"The Court: Very well, go on and prove it. . . .

"Mr. Partridge: Now, if your Honor please, I will offer in evidence this certificate.

"Mr. Williams: To which we urge the same objection, that it is already covered by an admission.

"The Court: Overruled. I don't think that it is. I thought so up to a moment ago."

Two certificates were thereupon offered and received in evidence and read to the jury over the objection of defendant. It would therefore seem obvious, we think, that there were two disputed issues connected with plaintiffs' case upon which the parties had not agreed and which the court and counsel for plaintiffs apparently did not consider covered by the stipulation, and therefore that it became necessary for plaintiffs to offer proof on those two points before a *prima facie* case could be established. That being so, it would follow that the first instruction given upon the question of burden of proof was directly applicable to the facts.

If it be conceded, however, as claimed by appellants, that all essential elements of plaintiffs' case were covered by stipulation and that said instruction was therefore not applicable, we still believe that the error could not have misled the jury in view of the correct instruction which followed. There the jury was plainly and positively instructed that the burden of proof was upon the defendant to establish by a preponderance of evidence that it was

free from negligence. The situation here, we believe, is similar to the one presented in *Alloggi* v. *Southern Pac. Co.,* 37 Cal. App. 72 [173 Pac. 1117], and in our opinion should be controlled by the same reasoning.

We do not consider that the last instruction given by the court conflicted with the others or that it was erroneous. The court had already, by the second instruction, given the jury the correct rule, to the effect that the burden was upon defendant to show that it was free from negligence. That defense, then, having become an issue, was to be determined by the same rule as any other affirmative defense, namely, by a preponderance of the evidence. And the effect of the instruction complained of, as we understand it, was merely to tell the jury that if the jury found that the evidence preponderated against such negligence its verdict should be for the defendant, but, on the other hand, if it found that it preponderated in favor of such negligence its verdict should be for the plaintiffs. The instruction complained of, as we read it, made no reference to the question of burden of proof.

Finding no substantial error in the record, the judgment is affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court, on August 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.