[Civ. No. 386. Fourth Appellate District.—July 15, 1932.]

W. C. COOK & COMPANY, INC. (a Corporation), Respondent, v. WHITE TRUCK & TRANSFER COMPANY (a Corporation), Appellant.

Louis, Quillian & Pool for Appellant.

Charles A. Hill for Respondent.

THOMSON, J., *pro tem.*—This is an appeal by the defendant from a judgment of the trial court, sitting without a jury in the sum of $850.26, in an action for damages for injury to certain dried figs and fig paste, by reason of rain damage, while being transported by defendant from Clovis, Fresno County, California, to San Pedro, California. Defendant also attempted to appeal from the order of the trial court denying its motion for a nonsuit. Defendant's notice of appeal also sets forth an intention to appeal from the order denying its motion for a change of venue, but appellant concedes that that part of its appeal is not well taken and it is therefore dismissed.

On or about October 30, 1927, respondent engaged the services of appellant to transport, for a valuable consideration agreed upon by the parties, two truck loads of packed dried figs and fig paste, from Clovis to San Pedro. Pursuant thereto appellant loaded the merchandise at respondent's manufacturing plant at Clovis and hauled it to the agreed point of destination, where it was found that a por-

tion of the merchandise was wet. Respondent claimed that the merchandise became rain-soaked by reason of the negligence of appellant's agents in not properly protecting it from the rain while in transit. Appellant denied the negligence.

At the close of respondent's case in chief appellant moved for a nonsuit, which motion was denied, and appellant now claims that the trial court erred in denying such motion and sets forth the following grounds for such asserted error: (1) That there was no proof of negligence on the part of appellant, and (2) that respondent failed to prove damage.

Appellant contends that the trial court applied the law relating to the liability of a common carrier and, therefore, held the appellant to the liability of an insurer. Respondent does not claim that appellant was a common carrier, but admits that appellant was a private carrier at the time of the transaction involved in this case. Nor does the record disclose anything to indicate that the trial court applied the law relating to the liability of a common carrier, or held the appellant as an insurer.

Mr. Allan H. Rabin was the only witness called by respondent to prove its case in chief. He testified, in substance, that he was employed by respondent and was in charge of respondent's sales; that he was present at Clovis when all of the merchandise was delivered to appellant and loaded on appellant's two uncovered trucks, referred to by the witness as "stakebody, flat body trucks"; that he then and there examined each case and each other package of such merchandise and that all the merchandise was dry and "in absolutely first-class condition" when so delivered; that the first load left Clovis some time on October 30th and the second on October 31st, at 4 o'clock in the morning; that there had been no rain at Clovis while the merchandise was being loaded, but that it began to rain on the morning of October 31st; that he saw the merchandise when it arrived in San Pedro and the cases containing the merchandise were water-soaked and the floor of the truck had water on it. Mr. Rabin also testified that, while the merchandise was being loaded at Clovis, he told appellant's driver that the packages contained figs. Two documents in evidence which were identified by Mr. Rabin on cross-examination, showed

that appellant knew that the merchandise to be shipped consisted of dried figs and fig paste. Mr. Rabin further testified that the tarpaulins used to cover the loads of said figs and fig paste on the trucks "appeared to be old and not in first class condition"; that the tarpaulins were thrown flat over the trucks, and flat on the load, without any ridge pole; that he was informed by the driver of one of the trucks that he was delayed for the reason that the truck "was stalled up on the Ridge Route because of a terrific rain".

With such evidence before it, the trial court was justified in concluding that appellant, knowing the nature of the merchandise entrusted to its care, did not use ordinary care in making such a long trip in rainy weather, with open trucks, using defective tarpaulins placed flat upon the loads of dried figs and fig paste, without the use of ridge poles.

■ It was the duty of appellant as a private carrier to use at least ordinary care and diligence to prevent damage to such merchandise, that is, such a degree of care as would be used by a person of ordinary prudence under the same or similar circumstances (Civ. Code, sec. 2114; 4 R. C. L., p. 549; 4 Cal. Jur., p. 815; *Garrette* v. *Grangers' Business Assn.*, 58 Cal. App. 396, 399 [208 Pac. 1010]). What facts are necessary to prove the use of, or lack of, ordinary care in a given case is usually a question of fact for the jury, or the trial court if sitting without a jury (27 R. C. L., p. 1004; *Garrette* v. *Grangers' Business Assn., supra*). If different conclusions on the subject of negligence can be rationally drawn from the evidence, it is a question of fact; but, if only one conclusion can reasonably be drawn from the evidence, it is a question of law. (*Hoff* v. *Los Angeles Pac. Co.*, 158 Cal. 596, 599 [112 Pac. 53].) ■ In the instant case it cannot be said as a matter of law that the evidence failed to show a lack of ordinary care. In fact, there was ample evidence from which the trial court was justified in concluding that appellant failed to use ordinary care to prevent respondent's property from becoming rain damaged.

■ Appellant further argues that respondent failed to prove any damages. It is appellant's contention that the basis of computing the damages to a shipment of merchandise of the character involved in this case is the difference

between the market value of the commodity in good condition at the point of destination, and the market value of the deteriorated product at the same point, at the time of arrival. This is undoubtedly the rule as applied to perishable property (*American Fruit Growers, etc.,* v. *Pacific Elec. Ry. Co.,* 72 Cal. App. 682, 686 [238 Pac. 105]; *Murray* v. *Southern Pac. Co.,* 89 Cal. App. 741, 745 [265 Pac. 337]; *Murray* v. *Southern Pac. Co.,* 112 Cal. App. 150, 155 [296 Pac. 667]). Although respondent apparently attempted to prove its damages in a different manner, that is, by having Mr. Rabin testify what the amount of loss was and then explain what that loss consisted of, appellant did not object to the introduction of such evidence, so far as the record discloses, nor suggest that a different method or measure be followed. This was in effect an acceptance of the evidence as competent upon the question of damage and that the correct rule for their measurement was being followed. As stated by the Supreme Court in the case of *Durkee* v. *Chino Land & Water Co.,* 151 Cal. 561, 569, 570 [91 Pac. 389, 392]: "If, in the opinion of the defendant, the rule adopted" (for the measure of damages) "was not the correct one, it was defendant's duty to have objected to the evidence offered under it and to have insisted upon the proper rule being applied. This would have given counsel for plaintiff, if he was pursuing the wrong course, an opportunity for rectifying his mistake, or, in the event of dispute between counsel as to the true rule, would have afforded an opportunity to the court to declare it. . . . It is to be assumed that defendant deemed the rule which was followed as favorable to itself as any other which it might suggest". (See, also, *Phillips* v. *Stark,* 186 Cal. 369, 371 [199 Pac. 509]; *Hamberger-Polhemus Co.* v. *Lewin,* 101 Cal. App. 704, 707 [282 Pac. 425].) ■ If respondent is entitled to recover, the fact that he seeks damages according to the wrong measure is inconsequential and does not preclude the court from according him the damages to which he is entitled according to their true measure (*Nielsen* v. *Swanberg,* 99 Cal. App. 270, 277 [278 Pac. 876]).

■ There was, however, sufficient properly admitted evidence before the court to sustain the conclusion that respondent was damaged and to support the court's conclusion as to the amount thereof, measured by the rule first above

stated. Mr. Rabin testified that a certain portion of the merchandise was a total loss by reason of being water-soaked, when it arrived at its destination, and that the market value of this portion of the fruit, in an uninjured condition, was $450. He further testified that the difference in value of the damaged fruit which was reconditioned, before and after such damage, was much greater than $603. Although the witness, in using the above figures, did not specifically state that these figures represented the market value of such merchandise at San Pedro, at the time of arrival, he had just previously been testifying about the merchandise at San Pedro, and the time of its arrival there, and the market value of the merchandise, and the trial court was justified in drawing the inference that the witness meant such market value at said time and place.

On behalf of respondent Mr. Rabin testified that the cost of labor and other expenses for reconditioning the damaged figs and fig paste was $200, and that the freight for shipping that portion of the merchandise from San Pedro to respondent's plant at Clovis and for returning the reconditioned merchandise to San Pedro was $247.64. Appellant contends that these two items should not be allowed to respondent, and argues that the value of the merchandise after reconditioning might even be less than its value at San Pedro at the time of delivery there by appellant. But the testimony of Mr. Rabin was to the effect that the difference in market value of the merchandise before and after the damage was in excess of $603, whereas the cost of reconditioning that portion of the merchandise and the freight thereon amounted to a total sum of $447.64. It is the duty of one who knows he is threatened with detriment to his property through another's breach of contract for which he can recover damages, to do all that he reasonably can to prevent or minimize such damages. If, in thus forestalling injury, the party against whom the breach is committed incurs expenses which he would not otherwise have incurred, and thereby succeeds in preventing a still greater loss, such expenses, if made in good faith, become an item of damages which he is entitled to recover. (*8* Cal. Jur., pp. 782, 783; *Ash* v. *Soo Sing Lung,* 177 Cal. 356, 362 [170 Pac. 843].) As stated in 8 California Jurisprudence, page 783: "Thus,

expenses incurred in the reconditioning of injured goods, whereby their value was increased beyond the expense of the process, are properly allowed as damages for the injury, the defendant having the benefit of its increased value.'' (See, also, *Olcovich* v. *Grand Trunk Ry. Co.*, 179 Cal. 332, 337 [176 Pac. 459]; *Crystal Ice etc. Co.* v. *Renschler P. Co.*, 99 Cal. App. 417, 423 [278 Pac. 874]; *Joerger* v. *Pacific Gas & Elec. Co.*, 207 Cal. 8, 28 [276 Pac. 1017].) The evidence shows that the loss on the reconditioned portion of the merchandise, if not reconditioned, would have been in excess of $603, whereas the cost of reconditioning which was allowed as an item of damage by the court was only $447.64.

The motion for a nonsuit admits the truth of plaintiff's evidence, and every inference of fact that can be reasonably drawn therefrom, and, upon such a motion, the evidence should be interpreted most strongly against the defendant, and any evidence in conflict with that favorable to plaintiff may be disregarded. If there is any evidence tending to sustain plaintiff's action, the motion for a nonsuit should be denied (*Hoff* v. *Los Angeles Pac. Co., supra; Scrimsher* v. *Reliance Rock Co.*, 116 Cal. App. 500 [2 Pac. (2d) 862] (Sept. 3, 1931); *Murray* v. *Southern Pac. Co., supra*).

From the foregoing it is apparent that respondent proved, in its case in chief, both actionable negligence on the part of appellant and also the damages allowed by the trial court, and the appellant's motion for a nonsuit, therefore, was properly denied.

Appellant contends that all of the evidence of the witness Rabin relating to damages was inadmissible because he was not qualified to testify upon the subject. However, the evidence shows that Rabin was in charge of respondent's sales. In such capacity he would naturally be familiar with the proper condition and value of respondent's products. Such objection would go to the weight, rather than the competency, of his testimony. If appellant was dissatisfied with the evidence touching upon the qualification of the witness, he should have examined him on *voir dire* as to such qualification. Appellant objected to the following question: ''Q. It was wet. By reason—do you

know whether or not W. C. Cook & Company was damaged by reason of the fact that this merchandise was wet and water-soaked?'' on the ground that it called for a conclusion and opinion of the witness. The court overruled the objection. Thereafter the witness, without objection, testified at length and in detail as to the matter of damages, giving market values, cost of minimizing the damage, and other information from which the amount of damage could be ascertained. Appellant contends that, because the objection above mentioned was overruled, the competency or relevancy of all the following questions and answers touching upon the subject of damages can be raised on appeal, based upon said original objection. In support of this assertion appellant cites the case of *Sharon* v. *Sharon,* 79 Cal. 633, 674 [22 Pac. 26, 131]. But in that case the trial court outlined exactly what questions might be asked on the subject, and the Supreme Court held that it was not necessary to renew objections to questions that were within the direction of the court as to the extent to which the examination might go. In the case at bar, so far as the record discloses, the court did not indicate what questions touching upon the subject of damages might be answered or to what length the subject might be inquired into, and we are of the opinion that the original objection was not sufficient to allow the competency or relevancy of the following questions to be raised for the first time on appeal. (*Burnett* v. *Lyford,* 93 Cal. 114, 117 [28 Pac. 855]; *Watrous* v. *Cunningham,* 71 Cal. 30, 32 [11 Pac. 811]; *Wasserman* v. *Los Angeles Ry. Corp.,* 184 Cal. 202, 209 [193 Pac. 130]; 10 Cal. Jur., p. 824.)

The foregoing opinion makes it unnecessary to discuss the grounds of appeal from the judgment, except to say that the evidence quoted by appellant in its brief merely discloses a substantial conflict in evidence which must be resolved in favor of the judgment. A reviewing court is not justified in disturbing a judgment unless it appears that upon no hypothesis is there sufficient substantial evidence to support it (*Packer* v. *Wagner,* 109 Cal. App. 26, 32 [292 Pac. 523]; *Waxman* v. *Jennings,* 72 Cal. App. 671, 674 [238 Pac. 98]; *Taylor* v. *United States Fidelity & Guaranty Co.,* 86 Cal. App. 382, 386 [260 Pac. 898]).

There is ample proof to support the findings, and in that condition of the evidence an appellate court will not disturb the judgment.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 8, 1932.