[Civ. No. 8818. Second Appellate District, Division One.—April 18, 1935.]

HUGH M. CREIGHTON, Appellant, v. NED CREIGHTON et al., Respondents.

H. A. I. Wolch for Appellant.

Leo V. Youngworth and J. Harold Decker for Respondents.

YORK, J.—This is an appeal by the plaintiff from a judgment of nonsuit in favor of the defendants in an action

upon a book account involving a sum of money loaned to one of the defendants.

The only question presented relates to the admissibility of an account contained in a book produced by plaintiff and which the court refused to admit in evidence. The account was offered in support of a cause of action as to which the limitation for the commencement of the action is four years. The money was loaned more than two years before the action was commenced and therefore, if the account was inadmissible, plaintiff's proof fails and any action on the debt is barred by the statute.

■ The evidence offered by plaintiff showed a loan of money to defendant Carmela Creighton, made on an automobile trip to Arizona, and plaintiff testified that upon returning to Los Angeles he made the entry in question in the book. It consisted of a single entry purporting to charge defendant "Mrs. Ned Creighton" with the sum of thirty-one hundred fifty dollars ($3,150). The entry was contained in a book which upon the cover was styled a ledger. In this book were entries concerning six other accounts of loans by plaintiff to various people and comprising, with a single exception, both debit and credit items. There was also an account consisting of a single item of five thousand dollars ($5,000) evidencing a loan to plaintiff. Plaintiff also testified that he was not regularly engaged in business and that he was occupied only in loaning and handling his own money; that the book was in his handwriting and contained entries of some of the loans that he . had made. This is substantially all of the foundation that was laid for the introduction in evidence of the account book. It was excluded upon the ground that it was a private memorandum and not such an account book as was admissible in evidence. This was a question of fact to be decided by the trial court and if the ruling of the court is supported by substantial evidence it cannot be set aside on appeal and is just as conclusive upon this court as the trial court's determination of any other question of fact. There is ample evidence to support the court's ruling, to which we will briefly refer. Plaintiff did not testify that the book contained accounts of all of his loans or other business that he transacted, nor was there any evidence that the book contained all of the items of the accounts shown therein or that the accounts were full, true and accurate

as to the transactions they purported to record. It appears further that defendants' counsel on two separate occasions called the attention of the court to the fact that the words "Ned Creighton" appeared in ink of a bluish color and the prefix "Mrs." in ink of a decidedly different and darker color. This discrepancy was not explained by plaintiff. It also appears that the account in question was entered as of date December 14, 1928, on page 22 of the account book; that following this was an index consisting of a number of pages, which was followed by entries of other accounts, the next one being dated November 16, 1928, and the one following that, September 12, 1928. In these respects, there was a deficiency in the necessary proof to establish a foundation for the admission in evidence of a private book of account. (*Yick Wo* v. *Underhill,* 5 Cal. App. 519, 521 [90 Pac. 967]; *Estate of Wilson,* 97 Cal. App. 529 [275 Pac. 977]; *Tipps* v. *Landers,* 182 Cal. 774 [190 Pac. 173]; *Colburn* v. *Parrett,* 27 Cal. App. 541 [150 Pac. 786]; *Watrous* v. *Cunningham,* 71 Cal. 30, 31 [11 Pac. 811].) The court, therefore, very properly held that the book was no more than a private memorandum.

After his evidence was closed, plaintiff sought to amend his complaint by substituting a cause of action for the recovery of money on a written instrument, namely, a check for $3,150 which he issued in making the loan, in the place of the cause of action upon a book account. This application was denied. We are not able to see how the check could be made the basis of an action brought by the maker against the payee for money loaned, and for that reason we quite agree with the court's ruling. Moreover, the allowance of the amendment was within the discretion of the court and that discretion seems to have been very properly exercised.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.