[Civ. No. 15413.   Second Dist., Div. Three.   Nov. 22, 1946.]

GEORGE S. TABATA, Appellant, v. MILLARD MURANE, as Executor, etc., Respondent.

Russell H. Pray, John Y. Maeno and Samuel J. Nordorf for Appellant.

Tudor Gairdner and Frederick M. Kraft for Respondent.

SHINN, J.—This action was brought against Murane as executor to recover the sum of $21,115.62 claimed to be the balance owed by Charles W. Zorn, deceased, upon an open book account, the executor having rejected plaintiff's claim. The complaint originally contained causes of action for money loaned, and for money had and received, but these were dismissed after the decision upon a former appeal in the same action. (*Tabata* v. *Murane,* 24 Cal.2d 221 [148 P.2d 605].)

Plaintiff testified that he had been for many years a commission merchant handling the crops of vegetable growers and that he financed the raising of crops as a part of his business. He offered in evidence as his account book 12 long, narrow sheets of paper which had been stapled together at the top and were in the form of billheads, having across the upper portion four horizontal lines, the top one containing the figure "19" intended as a partial date, the second the initial "M," the third line the word "To" at the beginning of the line and at the end the letters "Dr." The fourth line contains the word "terms" and below that, "billheads." Below were some 35 lines upon which the names of various persons, mostly Japanese, had been written, with a date appearing before each name and an amount, presumably representing dollars and cents, following it. Some names appeared many times and the total of the entries approximated 400. The dates ran from 1931 to 1939. Plaintiff's name did not appear on any of the sheets, nor did the name of the decedent, Charles W. Zorn. The letters "C," "C.W.," or "C.W.Z." appeared many times but there was nothing more than these initials to indicate that the entries were intended to identify Mr. Zorn. The entries under these initials bore dates over a period of more than five years, commencing in 1935. Nothing was written upon the four upper lines other than the word "loan" which appeared upon about half of the sheets on the line which contained the words "To" and "Dr." The evidence of plaintiff was that all entries related to debits; none of them was designated on the sheets as a credit. The charges against decedent amounted to $21,115.62, without any credits on the alleged loans.

In an effort to prove that the 12 sheets constituted a book of account, plaintiff testified: "These are my book accounts; I kept track of the loans I made. . . . These are pages taken from my loan account ledger. . . . This is my loan ledger account." He further testified that the sheets were kept in the regular course of his business as a wholesale commission merchant, that he did all his own bookkeeping, that the names and figures on the sheets were in his own handwriting and were entered within a week of the transactions to which the entries related, from memos which he had made or from the stubs of his check book, and that he had destroyed the memos but had retained the check stubs and cancelled checks. Defendant objected to the introduction of the 12 sheets upon the grounds that they did not constitute a book account, were not shown to have been truly and correctly kept, and upon other grounds, and this objection was sustained.

Plaintiff also produced numerous cancelled checks drawn by him, some of which were payable to Charles W. Zorn or C. W. Zorn and which bore his endorsement, and others of which were payable to Security-First National Bank, the Bank of America, Prudential Insurance Company of America, or the County Tax Collector. He made offers of proof that decedent was indebted to the two banks and the insurance company, that the checks to them were applied on the several debts, and that the checks to the County Tax Collector were in the amounts of taxes levied against property owned solely by decedent. The court sustained an objection to the offers of proof, consisting of the checks and their use in payment of Mr. Zorn's obligations. Plaintiff was questioned as to whether he intended the initials "C," "C. W." and "C. W. Z." to be an identification of decedent. An objection by defendant was sustained and plaintiff then made an offer of proof that the initials were so intended, to which an objection was sustained. The several rulings are assigned as error.

If the ruling excluding the 12 sheets was upon the ground that they did not constitute a "book" and the further ground that the writing thereon did not constitute an "account," it was doubly sound. The notations had been made upon 12 separate sheets of paper over a period of years. At some later time, presumably in preparation for trial, the sheets had been stapled together. While plaintiff testified that they were sheets from his ledger and that they were his ledger

account, it is clear that they had never been bound together in substantial or permanent form. They were not printed in the form of ledger sheets and would appear to have been taken from plaintiff's supply of billheads which he used for billing his customers. Notations of charges against many different persons for moneys advanced, made upon numerous separate sheets of paper, are not entries in a book of account and the sheets do not become an account book by being fastened together at the top by means of a staple. ■ Account books are kept in every well regulated business which is conducted upon a credit basis and it is because of their presumed authenticity that they are admissible in evidence under an exception to the hearsay rule. The verity which attaches to entries made in a book of account, in the regular course of business, is derived from the permanent nature of the record. Notations made upon loose sheets of paper are not accorded the presumption of accuracy and reliability which they have when entered in book form, and are therefore inadmissible as books of account.

As stated in *Foothill D. Co.* v. *Wallace Ranch W. Co.,* 25 Cal.App.2d 555, at 566 [78 P.2d 215] : "It is rather well settled that a book account cannot consist of numerous loose pages not bound together in some substantial form. To constitute a book the pages must be fastened together with some degree of substantial permanency. [Citing cases.]"

■ The court was also justified in ruling that the notations on the 12 sheets did not constitute an account of the transactions of plaintiff with the alleged borrowers or with the decedent. An account may consist of charges alone if there are no credits to enter (*Bailey* v. *Hoffman,* 99 Cal.App. 347 [278 P. 498]), but plaintiff did not attempt nor offer to prove that any payments had or had not been made for credit upon the loans, or whether the alleged borrowers were entitled to credits or offsets.

■ On the first page of the exhibit the items of alleged advances amounted to more than $5,300, and the charges for sums advanced other than those alleged to have been made to Zorn amounted to many thousands of dollars. The trial judge evidently did not believe that plaintiff's financing of his customers consisted solely of putting out money, without charging interest and without ever getting any of it back. Furthermore, there was no evidence to the effect that the sheets offered in evidence showed the balances due from the

alleged borrowers, nor was there evidence that plaintiff did not have other memoranda which would show credits upon the alleged loans. Plaintiff testified that it was his practice to finance the farming operations of his customers. His testimony went no further than that, but the natural inference from it would be that he handled their crops either as a buyer or commission broker, in either of which events it would have been necessary for him to keep some sort of accounts of these transactions. There was no evidence as to the nature of the general business between plaintiff and Mr. Zorn, nor as to the state of their accounts in such transactions, nor as to whether plaintiff had other accounts and records which would show credits upon amounts which might have been loaned to him. The court would have been justified in regarding the writings as mere fragments of an account relating to only a part of the business dealings of plaintiff and decedent. Before an account is admissible in evidence for the purpose of establishing a cause of action on an open book account, it must be shown to have been accurately kept, which was not done in the instant case, and it must be so complete as to show the balance of indebtedness due from one party to the other, in which respect also plaintiff's evidence was deficient. (*Creighton* v. *Creighton*, 6 Cal.App.2d 270 [43 P.2d 1104]; *Tipps* v. *Landers*, 182 Cal. 771, 774 [190 P. 173]; *Colburn* v. *Parrett*, 27 Cal.App. 541 [150 P. 786]; *Brown* v. *Gow*, 128 Cal.App. 671 [18 P.2d 377].)

It is plaintiff's contention that the writings were admissible in evidence under section 1953(f) of the Code of Civil Procedure, which reads as follows: "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." The section does not furnish an answer to the question whether the writings constituted a book account, nor does it furnish any ground for receiving in evidence as a book account a collection of sheets of paper such as we have described, which, if admitted, would not serve to prove the existence of a book account. It is unnecessary to decide whether the memoranda constituted a

"record" kept by plaintiff in the regular course of his business which would have been admissible under the section if offered for some purpose other than to prove a book account. Plaintiff's cause of action was not for money loaned. If he failed to prove a book account he could not recover upon some other cause of action. (*Egan* v. *Bishop,* 8 Cal.App.2d 119 [47 P.2d 500].) The briefs present arguments as to whether plaintiff's evidence furnished a sufficient foundation for the introduction of a book account under section 1935(f), in the absence of evidence that the account was fully and truly kept. Inasmuch as no account book was offered in evidence, it is unnecessary to express our views on this point. We are in agreement with the ruling that the memoranda did not constitute a book account and should not be received in evidence.

Our disposition of the first point requires approval of the rulings excluding from evidence plaintiff's cancelled checks and declining to receive the offered evidence as to the application of plaintiff's checks upon Zorn's debts to the banks, insurance company, and for taxes. It is argued that such proof would have furnished the basis for an inference that the initials used upon the several sheets were intended to identify decedent. We do not question the soundness of this argument, but such identification would not have supplied the defects in plaintiff's proof which we have pointed out. It may be, also, that if the book account had been proved, the additional evidence which was offered would have tended in some degree to verify the entries in the account by showing that they truly reflected financial transactions between plaintiff and decedent, but such evidence would not have tended in the slightest degree to prove that the sheets of paper which were offered in evidence constituted an account book or that the notations thereon constituted an account. If all of plaintiff's offered evidence had been received, it would have been insufficient in law to support a verdict in his favor. It would have been error for the court to deny the motion for a judgment of nonsuit.

The judgment is affirmed.

Desmond, P. J., and Wood, J., concurred.

A petition for a rehearing was denied December 17, 1946, and appellant's petition for a hearing by the Supreme Court was denied January 20, 1947. Carter, J., and Schauer, J., voted for a hearing.